[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13523
Non-Argument Calendar

_____

BIA  No.  A97-635-389

CIRA ELENA CASTELLANO MORAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 2, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Cira Elena Castellano Moran, a native and citizen of Venezuela, petitions for

review of the decision of the Board of Immigration Appeals denying her motions

to reconsider and reopen its earlier decision, which affirmed the Immigration Judge's removal order.

Castellano was admitted to the United States in 2002. After she received a Notice to Appear charging her with removability in October 2003, she filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Castellano's application claimed that on account of her political opinion she had suffered past persecution at the hands of the Bolivarian Circles, a group supporting Venezuelan president Hugo Chavez, and the Directorate of Intelligence and Prevention Services.

After a hearing, the IJ denied Castellano's asylum and withholding of removal claims, concluding that any harm that she suffered did not rise to the level of persecution and that she had failed to prove a well-founded fear of future persecution. The IJ also determined that Castellano had not established that she had been tortured in Venezuela and, therefore, denied her claim for relief under the CAT.

Castellano appealed to the BIA, arguing that she had established both that she suffered past persecution and that she had a well-founded fear of future persecution on account of her political opinion. She further contended that she had proved she was tortured by the government of Venezuela. On March 13, 2006 the

BIA affirmed the IJ's decision without opinion.

On April 10, 2006 Castellano filed a motion to reconsider with the BIA. She included with that motion an article reporting that the Chavez government in Venezuela has no tolerance for dissent and that citizens have been beaten, killed, imprisoned, and tortured for protesting.

The BIA denied Castellano's motion for reconsideration, concluding that she had failed to identify any error of fact or law in its previous decision. Instead, the BIA noted, Castellano had reiterated the arguments she had made on appeal, which it had already considered and rejected. Because she submitted new evidence with her motion, however, the BIA also treated Castellano's motion as a motion to reopen. The BIA concluded that the article submitted by Castellano contained information that was merely cumulative of information that she had previously submitted, which also indicated that there were significant political tensions between the Venezuelan government and its opposition. The BIA, therefore, denied the motion to reopen as well. On August 1, 2007 Castellano petitioned this Court for review of the BIA's denial of her motion to reconsider.

## I.

Castellano first contends that the IJ erred in finding that she is not a refugee and that she did not establish that she suffered past persecution or has a well-founded fear of future persecution on account of her political opinion. She also

3

contends that the BIA erred in affirming the IJ's decision.

This Court reviews de novo whether it has subject matter jurisdiction. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007). An alien seeking review of an order of removal must file a petition for review within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon the dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). "[T]he statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional, [and] it is not subject to equitable tolling.'" Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). The finality of an order of removal, moreover, is not affected by the filing of a motion to reconsider. Stone, 514 U.S. at 405, 115 S. Ct. at 1549.

We cannot consider the merits of Castellano's arguments attacking the final order of removal because we lack jurisdiction to do so. The order became final on March 13, 2006 when the BIA affirmed the IJ's decision. See 8 C.F.R. § 1241.1(a). Although Castellano filed a motion to reconsider with the BIA on April 10, 2006, that filing did not change the date that the order of removal became final. See Stone, 514 U.S. at 405, 115 S. Ct. at 1549. She did not file her petition for review with this Court until August 1, 2007, over one year after the BIA affirmed the IJ's decision. Because she failed to file a petition for review within 30 days of

4

the date of the final order of removal, as required by 8 U.S.C. § 1252(b)(1), this Court does not have jurisdiction to address the merits of Castellano's claims about that order. Our jurisdiction is limited to reviewing the BIA's denial of the motion for reconsideration.

## II.

Castellano contends that the BIA erred by concluding that the new information she submitted with her motion to reconsider was cumulative. She also argues that the BIA erred in denying her motion for reconsideration because she presented sufficient evidence to support a finding of past persecution and future persecution on account of her political opinion.

This Court reviews the BIA's denial of a motion for reconsideration and a motion to reopen only for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (relating to a motion for reconsideration); Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (relating to a motion to reopen). Because they are discretionary forms of relief, judicial review of denials of motions for reconsideration and to reopen are "limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted) (relating to a motion to reopen); see also Assa'ad, 332 F.3d at 1340–41 (noting that motions to reconsider

5

are within the discretion of the BIA).

In a motion for reconsideration, an alien must "specify the errors of law or fact in the previous order" and must support the motion with "pertinent authority." 8 U.S.C. § 1229a(c)(6)(A) & (C); see also 8 C.F.R. § 1003.2(b)(1). This Court has noted that "merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (citation omitted) (omission in original). Thus, "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Id. (internal quotation marks and citation omitted) (alteration in original).

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1). The motion will be granted only if "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). An alien making a motion to reopen "bears a 'heavy burden,' and must 'present[] evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result

6

in the case.'" Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006) (citation omitted) (alterations in original).

The BIA did not abuse its discretion in denying Castellano's motion for reconsideration. In her motion, she argued primarily that she had established that she suffered past persecution because of her involvement with the Democratic Action Political Party of Venezuela, that she had a well-founded fear of future persecution based on her past persecution, that she cannot safely relocate to another town or city, and that she cannot obtain protection from the government of Venezuela. Those arguments, however, merely reiterated ones that she made in her initial appeal, which the BIA had already considered and rejected. The BIA did not err in denying her motion for reconsideration. See 8 U.S.C. § 1229a(c)(6)(A) & (C); see also Calle, 504 F.3d at 1330–31 (rejecting an alien's motion to reconsider because the motion "offered nothing more than reiteration of her assertions in her motion to reopen").

Nor did the BIA abuse its discretion by construing Castellano's motion as a motion to reopen and denying it. Her motion failed to state any new material facts that warranted reopening her case. The article that she submitted with her motion was not material because the information in it was cumulative of that she had already submitted. The article alleged that the Chavez government in Venezuela violates human rights on a regular basis and does not tolerate disagreement with it.

Both the IJ and the BIA, however, had already considered numerous articles submitted by Castellano to the same effect. As a result, the additional article submitted in connection with the motion to reopen does not establish that if the proceedings were reopened, "the new evidence offered would likely change the result in the case." See Ali, 443 F.3d at 813. Accordingly, the BIA did not abuse its discretion in denying her motion to reopen.

### III.

In conclusion, we lack jurisdiction to review the petition insofar as it challenges the final order of removal and therefore **DISMISS** the petition in part. We **DENY** the petition for review insofar as it challenges the BIA's denial of Castellano's motion to reconsider and reopen.