[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16096
Non-Argument Calendar
_____

Agency No. A041-358-962

DELGARDO ROLANDO RICHARDS,
a.k.a. Delgardo Richards,
a.k.a. Delgardo Rolando Richards,
a.k.a. Delgard Richards,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 19, 2013)

Before CARNES, Chief Judge, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Delgardo Rolando Richards, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal, Immigration and Nationality Act ("INA") § 240A(a), 8 U.S.C. § 1229b(a).  On appeal, Richards argues that: (1) the BIA erred by failing to consider all of the evidence and engaging in "prohibited *de novo* fact finding;" (2) the IJ failed to rule on his removability; and (3) he received ineffective assistance of counsel.  For the reasons set forth below, we dismiss the petition in part and deny it in part.

## I.

Richards, a native and citizen of Jamaica, was admitted to the United States on or about August 24, 1987, as a lawful permanent resident.  On March 21, 2012, the Department of Homeland Security ("DHS") issued Richards a notice to appear, charging him as removable under INA § 237(a)(2)(B)(i), for having been convicted of violating a controlled substance law.  Specifically, he was convicted of marijuana possession in 2005, 2006, and 2008, and he was convicted of possessing drug paraphernalia in 2008.

Richards, through counsel, applied for cancellation of removal.  He conceded his removability as charged in the allegations set forth in the notice to appear.  He argued that his removal should be cancelled, however, because (1) he has lawfully resided in the United States for 25 years, arriving at the age of 7;

(2) he has not been convicted of an aggravated felony; (3) he is married to a U.S. citizen, who is pregnant with his child and has a high-risk pregnancy; (4) he has strong families ties to the United States; (5) he would have difficulty gaining employment in Jamaica, and he has little connections to that country; and (6) his family will face hardship if he is removed.  Further, Richards asserted that the adverse factors in his case were not significant.  He admitted that he had three convictions for marijuana possession and a conviction for malicious injury to an animal.  Additionally, he had two separate sets of criminal charges pending against him: three counts of manufacturing or selling drugs with intent to distribute, and three counts of possession with intent to distribute drugs near a school.  However, he argued that none of his prior convictions involved violence or the manufacture or sale of drugs, and he has abided by the terms of his sentences.

In support of his application, he submitted documentation of the immigration and citizenship status of his family, his marriage certificate, affidavits of family members attesting to his good moral character and requesting that he not be removed, letters from physicians concerning his wife's high-risk pregnancy, and documents relating to his criminal history.  As to his prior drug convictions, he submitted criminal records showing that: (1) in 2008, he pled guilty to possession of marijuana and to possession of drug paraphernalia; (2) in 2006, he pled guilty to

3

possession of marijuana; and (3) in 2005, he was found guilty of possession of marijuana after a bench trial.

After a hearing, during which Richards and his mother testified, the IJ issued an oral decision denying relief. The IJ found that the long duration of Richards's residence in the United States, his strong family ties, and his wife's high-risk pregnancy were positive factors that favored cancellation of removal. However, his "very sketchy" work history, failure to file tax returns, the presence of his brother in Jamaica, his lengthy criminal history, and his lack of accountability and rehabilitation weighed against cancellation of removal. The IJ noted that Richards had failed to accept any accountability for his unlawful acts, and, ultimately, he had not shown that he understood the consequences of his actions or the seriousness of his behavior. The IJ also noted the pending criminal charges against Richards involving drug trafficking. The IJ concluded that Richards was not entitled to cancellation of removal, and it ordered him to be removed to Jamaica.

Richards, proceeding *pro se*, appealed the IJ's decision to the BIA. In his notice of appeal, he asserted that his counsel was highly ineffective, and the IJ was provided with false and inaccurate information pertaining to his criminal history. In his appellate brief, he asserted that the IJ erred in failing to consider all of the positive factors, which outweighed the negative factors in the cancellation of

4

removal analysis.  He also asserted that the IJ failed to determine whether the charges alleged by the DHS were sufficient to establish removability.

The BIA dismissed the appeal.  Regarding the issue of removability, the BIA found that Richards, through his former counsel, had conceded removability, and even if he had not, the three offenses charged in the notice to appear provided clear and convincing evidence that he was subject to removal under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  The BIA noted that, to the extent that Richards asserted that these convictions were unconstitutional, his remedy was through post-conviction relief, but the convictions would remain effective for immigration purposes unless and until they are vacated.  The BIA further noted that neither it, nor the IJ, sought to marginalize the importance of his family ties. The BIA then discussed the positive factors in the case, concluding that the strong family ties and humanitarian factors weighed in favor of granting relief. Specifically, the BIA noted that Richards has resided in the United States since 1987, he was married to a U.S. citizen who recently gave birth to his child, and he presented numerous letters and statements of support from family and friends. However, the BIA also found that, although tax deductions have been made to Richards's paycheck, his failure to ever file an income tax return undermined any weight that would generally be afforded to a positive work history.

The BIA recognized that, after residing in this country since childhood, it would be difficult for Richards to relocate to Jamaica, and his removal will also result in a financial and emotional hardship to his wife and child. The BIA, however, agreed with the IJ that Richards had not been rehabilitated, concluding that, because Richards asserted that he had been set up with trumped up charges, there was no accountability or acceptance of responsibility. Based on Richards's failure to accept responsibility for his crimes, as well as his continued use of marijuana until the day that he was detained, the BIA stated that it was not persuaded by Richards's attempts to rehabilitate himself and attend religious services while detained.

Based on the foregoing, the BIA agreed with the IJ that Richards had not established that his case warranted cancellation of removal. The BIA also noted that, although Richards asserted that his counsel was highly ineffective and the IJ received inaccurate information about his criminal history, no remand was necessary, as Richards failed to demonstrate any prejudice. Specifically, Richards had not demonstrated that, but for counsel's alleged errors, he would not have been subject to removal or that he would have demonstrated that he was entitled to cancellation of removal as a matter of discretion.

6

II.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA agreed with the IJ's findings, but it did not expressly adopt its decision, so we review only the BIA's decision. *Id.*

We review *de novo* whether we have jurisdiction to consider a petition for review. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). Any alien is deportable if he has been convicted of violating a law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). We lack jurisdiction to review any claim by "an alien who is removable by reason of having committed a criminal offense covered in . . . [8 U.S.C. §] 1227(a)(2)(B)." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). When the bar to review under § 1252(a)(2)(C) is implicated, we may determine whether a petitioner is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense." *Camacho-Salinas v. U.S. Att'y Gen.*, 460 F.3d 1343, 1346 (11th Cir. 2006) (quotation omitted).

Under 8 U.S.C. § 1229b, the Attorney General may cancel the removal of a permanent resident who (1) has been an alien lawfully admitted for permanent residence for at least five years; (2) has been physically present in the United

States for seven continuous years; and (3) has not been convicted of an aggravated felony. INA § 240A(a), 8 U.S.C. § 1229b(a). We are restricted from reviewing certain discretionary decisions under the INA, including the denial of cancellation of removal under INA § 240A, 8 U.S.C. § 1229b. *See* INA § 242(a)(2)(B(i), 8 U.S.C. § 1252(a)(2)(B)(i). Despite the jurisdictional bars, we retain jurisdiction over constitutional claims or questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We retain jurisdiction over constitutional claims only when a petitioner alleges "at least a colorable constitutional violation," which means that the "claim must have some possible validity." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotations omitted). A petitioner cannot create jurisdiction "by cloaking an abuse of discretion argument in constitutional garb." *Id.* at 1284.

Under 8 C.F.R. § 1003.1(d)(3)(i), the BIA shall not "engage in *de novo* review of findings of fact determined by an immigration judge." 8 C.F.R. § 1003.1(d)(3)(i). The BIA may only review the IJ's factual determinations to assess whether those determinations were clearly erroneous. *Id.*; *see also Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1308 (11th Cir. 2013) (holding that, § 1003.1(d)(3) "forbids the BIA from independently engaging in fact-finding and requires it to apply a clear error standard to [the] IJ's factual findings"). Furthermore, except for taking administrative notice of commonly known facts, the BIA is not permitted to

8

engage in fact-finding in the course of deciding appeals.  *See* 8 C.F.R.

§ 1003.1(d)(3)(iv).  The BIA, however, "may review questions of law, discretion,

and judgment and all other issues in appeals from decisions of immigration judges

*de novo*."  *Id.* § 1003.1(d)(3)(ii).  In determining whether established facts are

sufficient to meet a legal standard, we have explained that, to the extent that the

BIA has the ability to reweigh evidence, this power is limited to doing so "*through

the prism of clear error review*."  *Zhu*, 703 F.3d at 1315.  "In other words, the BIA

must find that, on balance, the weight of the evidence so strongly militates against

the IJ's finding that the BIA is left with the definite and firm conviction that a

mistake has been committed."  *Id.* (quotation omitted).

We have held that a petitioner may not collaterally attack an underlying

conviction in an immigration proceeding.  *See Mohammed v. Ashcroft*, 261 F.3d

1244, 1251 (11th Cir. 2001) (stating that petitioner's purported due process claim

that he was not advised of the immigration consequences of his guilty plea should

be challenged in a collateral attack on his conviction and is not reviewable in a

removal proceeding).  Finally, we have stated that:

> [t]o establish the ineffective assistance of counsel in the context of a
> deportation hearing, an alien must establish that his or her counsel's
> performance was deficient to the point that it impinged upon the
> fundamental fairness of the hearing such that the alien was unable to
> reasonably present his or her case.

*Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005).  In *Matter of Lozada*, the BIA held that:

> A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

19 I. & N. Dec. 637, 639 (BIA 1988).  We have upheld the *Matter of Lozada* requirements, and held that an alien also must show prejudice when he advances an ineffective-assistance claim.  *See Dakane*, 399 F.3d at 1274.

In this case, Richards was found to be removable pursuant to § 1227(a)(2)(B)(i) and the BIA determined that, after weighing the positive equities against the negative factors in his case, he was not entitled to cancellation of removal.  Thus, the jurisdiction-stripping provisions of § 1252(a)(2)(B) and § 1252(a)(2)(C) preclude us from reviewing the BIA's decision unless Richards raises a colorable constitutional claim or a legal question.  *See* INA §§ 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); *Arias*, 482 F.3d at 1284 & n.2.  In his brief, Richards does not address the jurisdictional issues in this case.  Moreover, even though he seemingly

asserts legal claims, his claims have no colorable merit for the reasons discussed below. *See Amaya-Artunduaga*, 463 F.3d at 1251; *Arias*, 482 F.3d at 1284 & n.2.

On appeal, Richards appears to assert that the IJ's decision was erroneous because the BIA viewed certain facts as favorable to him, such as the hardship to his family or his employment history, and the IJ either ignored those factors or viewed them negatively. However, because the BIA did not expressly adopt the IJ's decision, we are limited to reviewing the BIA's decision, and it is not relevant whether the IJ erred by ignoring or improperly weighing certain factors. *See Al Najjar*, 257 F.3d at 1284. To the extent that Richards suggests that the BIA improperly weighed the positive and negative factors in his case based on the evidence presented or that it failed to consider certain factors, he merely challenges the BIA's discretionary judgment, and we lack jurisdiction over his claims. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).

Additionally, contrary to Richards's argument, the BIA did not engage in *de novo* fact-finding. Instead, the BIA considered the evidence presented during the removal hearing, and it agreed with the IJ's determination that cancellation of removal was not warranted. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Zhu*, 703 F.3d at 1308. Richards claims that his attempts to rehabilitate himself were demonstrated in the record, but both the BIA and IJ rejected this argument based on his refusal to accept responsibility for his criminal offenses during the removal hearing. We lack

11

jurisdiction over that discretionary determination. *See* INA § 242(a)(2)(B(i), 8 U.S.C. § 1252(a)(2)(B)(i). In sum, Richards fails to identify, and the record does not reveal, any BIA "*de novo* fact-finding" that was independent of, or conflicted with, the IJ's factual findings.

Further, Richard also suggests that he would not have pled guilty to his prior drug offenses if he had been aware that he could face removal proceedings, and he claims that the IJ failed to adequately provide a ruling or any analysis regarding his removability. However, Richards conceded his removability and admitted to his prior convictions, and he does not assert that he has sought collateral review of those convictions or that they have been invalidated. Thus, his drug convictions remain valid for the purpose of establishing his removability. *See Mohammed*, 261 F.3d at 1251. Additionally, Richards's argument, that the BIA failed to consider the nature, timing, and seriousness of his drug offenses, essentially challenges the BIA's discretionary determination regarding how much weight to afford to his criminal history, and we lack jurisdiction over that claim. *See* INA § 242(a)(2)(B(i), 8 U.S.C. § 1252(a)(2)(B)(i).

Finally, as to Richards's claims of ineffective assistance of counsel, he fails to sufficiently establish a colorable due process claim because he has not shown that he was prejudiced. *See Dakane*, 399 F.3d at 1274. Richard argues that counsel was ineffective for conceding his removability and failing to require the

12

government to prove that he was removable.  However, Richards was not prejudiced because the record showed that he had been convicted of three marijuana offenses, and he testified that he pled guilty to possession charges. Richards does not suggest that, if his counsel had challenged his removability, the government would have been unable to prove that he was removable based on those convictions.  As to his claims that counsel failed to adequately present evidence and prevented him from reasonably presenting his case, he fails to identify any evidence that his counsel failed to present that would have been likely to result in a favorable exercise of discretion.  Although he asserts that his counsel failed to adequately present evidence of hardship, the BIA explicitly found that Richards's removal would result in a financial and emotional hardship to his wife and child.  Thus, it does not appear that additional evidence on the issue of hardship would have benefitted him.  Further, he makes a conclusory statement that counsel prevented him from reasonably presenting his case without further explaining his argument.  As such, he has not established that he was prejudiced by counsel's alleged errors, and he is not entitled to reversal based on his ineffective assistance of counsel claims.  *See id.*  In sum, we lack jurisdiction over Richards petition for review of the BIA's discretionary decision to deny cancellation of removal, and, to the extent that we retain jurisdiction over his asserted legal claims, those claims are meritless.

13

For the foregoing reasons, we dismiss in part and deny in part Richards's petition for review.

**PETITION DISMISSED IN PART AND DENIED IN PART**.