[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

No. 06-13459
Non-Argument Calendar

_____

Agency No. A30-977-420

VIRGILIO JIMENEZ ARIAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Virgilio Jimenez Arias, a native and citizen of the Dominican Republic,

petitions for review of the Board of Immigration Appeals' (BIA's) order affirming

the immigration judge's (IJ's) denial of his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA). Arias asserts the BIA and IJ denied his due process right to have his § 212(c) waiver application properly considered. We conclude Arias's due process claim is actually an abuse of discretion claim couched in constitutional language, and we dismiss his appeal for lack of jurisdiction.

## I. BACKGROUND

Arias was lawfully admitted to the United States for permanent residence on August 17, 1973. On May 13, 1988, Arias pled guilty to and was convicted of two counts of sale of cocaine, in violation of section 893.13(1)(a), Florida Statutes.

On May 12, 2003, upon returning from traveling abroad, Arias applied for admission to the United States as a returning lawful permanent resident and was paroled into the United States. Subsequently, Arias was served with a notice to appear (NTA), charging him with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of violating a law relating to a controlled substance, and 8 U.S.C. § 1182(a)(2)(C), as an alien who immigration officials had reason to believe had been an illicit trafficker of, or had aided in, the illicit trafficking of a controlled substance. At his master calendar hearing, Arias admitted the allegations contained in the NTA, conceded both charges of

inadmissibility, and gave the IJ notice of his intent to file an application for a § 212(c) waiver.

At the removal hearing, the IJ denied Arias's application for a § 212(c) waiver and ordered that Arias be removed. The IJ found several negative factors in Arias's case, including: (1) his 1988 conviction for sale of cocaine; (2) a 1997 arrest for auto theft; (3) an Alaska arrest warrant for drug trafficking; (4) the fact he absconded from the Alaska arrest warrant; and (5) the fact he owed $8,000 to the IRS. The IJ found positive factors in Arias's favor as well, including: (1) he had been a lawful permanent resident for 30 years; (2) his mother and one of his daughters were United States citizens; (3) he helped his mother purchase her house; (4) his 1988 conviction occurred many years ago; and (5) he was employed. Nonetheless, the IJ found the positive factors did not outweigh the negative ones.

Arias appealed the IJ's decision to the BIA. The BIA noted that even if it did not consider the IJ's findings that Arias had evaded arrest in Alaska or Arias's 1997 arrest for auto theft, the record still supported the denial of the waiver. The BIA dismissed Arias's appeal, finding the "positive equities" did not outweigh the "adverse factors." Arias now appeals the BIA's decision.

## II.  DISCUSSION

We are obligated to inquire into our jurisdiction whenever it may be lacking. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  We review *de novo* whether we have subject-matter jurisdiction.  *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002).

8 U.S.C. § 1252(a)(2)(C) states, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)."  Arias conceded he had been convicted of a criminal offense covered in 8 U.S.C. § 1182(a)(2), namely, two counts of sale of cocaine.

Additionally, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review a discretionary decision of the Attorney General or the Secretary of Homeland Security.  The decision to grant or deny a § 212(c) waiver is within the discretion of the Attorney General.  8 U.S.C. § 1182(c) (1996).[1]

---

[1]  If an alien violates any law relating to a controlled substance, the alien is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and (a)(2)(C), and Arias conceded he was inadmissible under these sections.  Under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), however, legal permanent residents such as Arias, who (1) were inadmissible under the above-listed sections, (2) temporarily traveled abroad voluntarily, and (3) were returning to a lawful, unrelinquished domicile of at least seven years, could be admitted into the United States in the Attorney General's discretion under a waiver of inadmissibility.  Even though § 212(c) has been repealed, the Supreme Court held "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."  *INS v. St. Cyr*,

4

Nevertheless, the REAL ID Act of 2005, which amended 8 U.S.C. §1252, restored some of our jurisdiction to decide questions of law or constitutional claims an alien raises in a petition to review a final order of removal. *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1920 (2006). Specifically, 8 U.S.C. § 1252(a)(2)(D) now provides that notwithstanding the limitations on judicial review under § 1252(a)(2)(B) or (C), such limitations do not preclude judicial review of constitutional claims or questions of law raised in a petition for review. Because the REAL ID amendments "are retroactively applicable to all pending proceedings regardless of the date of the final administrative order," § 1252(a)(2)(D) applies to Arias's case. *See Balogun*, 225 F.3d at 1360. Accordingly, unless Arias raises a question of law or constitutional claim arising out of his removal proceedings, we lack jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

Arias generally claims the BIA and IJ denied his due process right to have his § 212(c) waiver application properly considered. While we "retain jurisdiction to review due process challenges under the constitutional claims language of the REAL ID Act, a petitioner must allege at least a colorable constitutional

---

533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001). A § 212(c) waiver is available for Arias because he pled guilty to the relevant offenses when § 212(c) was still in effect.

violation."[2] *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (quotations omitted). "A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *see also Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006); *Saloum*, 437 F.3d at 243; *Mehilli v. Gonzales*, 433 F.3d 86, 93-94 (1st Cir. 2005). "[A]ny other outcome 'would . . . circumvent clear congressional intent to eliminate judicial review.'" *Mehilli*, 433 F.3d at 93-94 (quoting *Torres-Aguilar*, 246 F.3d at 1271). In fact, we have previously recognized, "[w]here a constitutional claim has no merit . . . we do not have jurisdiction." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003). We agree with our sister Circuits that we lack jurisdiction over abuse of discretion claims merely couched in constitutional language.

We conclude Arias's constitutional claims are not colorable and are abuse of discretion arguments merely couched in constitutional language. Although Arias uses the term "due process" in making his arguments, he cites no specific due process violations. Instead, Arias maintains the BIA and IJ erred in (1) failing to consider and weigh all the factors presented by Arias in support of the waiver;

---

[2] For a constitutional claim to be colorable, "the alleged violation need not be substantial, but the claim must have some possible validity." *Mehilli v. Gonzales*, 433 F.3d 86, 93-94 (1st Cir. 2005) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

(2) finding Arias absconded from a warrant for his arrest in Alaska when such a finding was not supported by any evidence in the record; and (3) finding Arias owed $8,000 in back taxes and characterizing the amount as "exorbitant." He further asserts the IJ was intemperate and abusive. Arias simply challenges the BIA's and IJ's exercise of discretion, claiming the BIA and IJ erred in their weighing of certain adverse and positive factors. Accordingly, we lack jurisdiction to consider Arias's petition for review.

**PETITION DISMISSED.**