[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 07-10515
Non-Argument Calendar
----------------------------------------

BIA No. A77-293-235

CHANG HUI LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
------------------------------------------------------------------

**(December 7, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Chang Hui Liu, a native and citizen of China, petitions for review of the

order of the Board of Immigration Appeals ("BIA") denying his second motion to

reopen his removal proceedings.[1]  No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's denial of a motion to reopen for abuse of discretion. Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).  "In this particular area, the BIA's discretion is quite broad."  Id.  "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Abdi v. U.S. Attorney Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted).  And we are mindful that motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  INS v. Doherty, 112 S.Ct. 719, 724-25 (1992).

An alien ordinarily must file a motion to reopen based on new evidence within 90 days of the entry of a final order of removal.  8 C.F.R. § 1003.2(c)(2). But an exception to this rule exists if the alien is reapplying for asylum and withholding of removal "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not

---

[1]We previously affirmed the BIA's denial of Liu's first motion to reopen because Liu had failed to show why the new evidence that he sought to present was unavailable during his hearing before the immigration judge ("IJ").

2

have been discovered or presented at the previous hearing." 8 C.F.R. §

1003.2(c)(3)(ii).

In this case, Liu's second motion to reopen was filed in September 2006, which was more than three years after the final order of removal; but Liu contends that the BIA abused its discretion in denying his second motion to reopen because he presented evidence of changed circumstances in China. Liu -- who asserted in his asylum application that his wife went into hiding and refused to submit to regular gynecological examinations by local birth control officials after the birth of their first child and that he feared sterilization -- contends that he has presented evidence that authorities are vigorously searching for his wife and have threatened to impose a large fine on her.

We conclude that the BIA did not abuse its discretion in denying Liu's motion to reopen. Liu's motion and the evidence submitted with it, which includes letters from his parents and his wife, do not show changed circumstances. The motion and supporting documentation instead show that the circumstances present during Liu's removal proceedings -- that Chinese officials were searching

for his wife and that she was in hiding -- continue to exist.[2]  As the BIA explained, Liu's motion described a "continuation of previously existing conditions."[3]

And the remaining evidence submitted by Liu with his second motion to reopen -- a fine notice issued in 2005 -- does not show that Liu is entitled to relief. The BIA determined that Liu's fine notice did not appear to be reliable because the notice incorrectly stated how many children Liu's wife had.  Because Liu has not challenged the BIA's assessment of the fine notice, he has abandoned argument on this issue.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  In the light of the apparent inconsistency between the fine notice and Liu's prior statements, and Liu's failure to explain this inconsistency, we are

---

[2]We note that, in an affidavit attached to his motion to reopen, Liu explained that Chinese officials "still" pursued him and his wife and that his wife was "still" in hiding.

[3]Liu also asserts that he has provided evidence that authorities in China have "escalated their crackdown" on his wife.  But it is unclear whether Liu exhausted his administrative remedies by raising this argument before the BIA.  See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining that we "lack jurisdiction to consider claims that have not been raised before the BIA"). Even if we assume that Liu raised this issue before the BIA and that we may consider it, Liu has not presented evidence that the threats against him or his wife have escalated to show a change in country conditions.  During his removal proceedings, Liu testified that officials -- who were searching for his wife -- came to his house, shouted abusive terms at him and his family, damaged property in the house, slapped his mother, and beat Liu until he fainted.  Liu also explained that he was warned that he faced sterilization.  Liu's second motion to reopen does not indicate that the threats have escalated.  Cf. Li v. U.S. Attorney Gen., 488 F.3d 1371, 1373-75 (11th Cir. 2007) (concluding that alien showed changed circumstances in China where, among other things, (1) alien presented evidence of forced sterilization and abortion and increased family planning enforcement in her home village; and (2) the Country Reports on China made available after the alien's removal hearing indicated that forced sterilization and abortion had become prevalent in rural areas).

unpersuaded that Liu has presented material evidence that would demonstrate he is eligible for asylum. See 8 C.F.R. § 1003.2(c)(2); Ali v. U.S. Attorney Gen., 443 F.3d 804, 813 (11th Cir. 2006) (explaining that alien who files motion to reopen "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case") (internal quotation and alteration omitted).[4]

To the extent that Liu raises claims for the first time on appeal, we dismiss that portion of his petition for review. We deny the petition on Liu's remaining claims.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[4]We decline to consider Liu's remaining arguments. On Liu's claim that he has established a prima facie case for asylum because he has shown a pattern and practice of persecution by Chinese officials against persons similarly situated to him, we cannot consider this claim because Liu failed to raise it before the BIA. See Sundar, 328 F.3d at 1323. And we also do not consider Liu's claim that the BIA violated due process by denying his motion to reopen. See Arias v. U.S. Attorney Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (explaining that alien "uses the term 'due process' in making his arguments [but] cites no specific due process violations" and concluding that "we lack jurisdiction over abuse of discretion claims merely couched in constitutional language").