[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15133
Non-Argument Calendar
_____

Agency No. A073-729-471

JORGE ALBERTO JUAREZ-MATUTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 26, 2013)

Before DUBINA, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Petitioner Jorge Alberto Juarez-Matute ("Juarez"), a native and citizen of Honduras, appeals the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") order of removal under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I).  For the reasons that follow, the petition is denied in part and dismissed in part.

## I. Facts

Juarez was admitted to the United States as a nonimmigrant visitor in April 1982, with authorization to remain in the country for 11 days, but he did not leave the country when required.  On October 5, 1992, he was convicted in Florida of burglary with assault, armed burglary, aggravated battery, aggravated assault with a deadly weapon, battery, and petty theft—crimes involving moral turpitude.  He was also convicted of petty theft in Florida in January 2001.

Juarez applied for adjustment to permanent resident status in October 1998 and was interviewed for adjustment status February 12, 2001.  Juarez failed to disclose, as required, his October 1992 conviction on both his application for adjustment and during his adjustment status interview.  The Immigration and Naturalization Service officer who interviewed Juarez then approved his adjustment status, and Juarez became a lawful permanent resident the same day.

In September 2011, Juarez returned from a trip abroad and sought entry into the United States at the Miami International Airport.  He was refused admission

2

based on his failure to truthfully disclose his prior criminal history. In November 2011, the Department of Homeland Security ("DHS") charged Juarez as inadmissible based on § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude.[1] At the administrative hearing, the IJ found Juarez was in fact convicted of a crime involving moral turpitude, which he failed to disclose during the adjustment status process. The IJ also found that Juarez failed to obtain a waiver for the conviction, and, as a result, Juarez was removable under § 1182(a)(2)(A)(i)(I). The BIA affirmed and added that Juarez was removable under § 1101(a)(13)(C)(v), the statute regarding admission and exclusion of aliens who have been lawfully admitted as permanent residents, because lawful permanent residents may be deemed applicants for admission if they have, among other things, committed a crime involving moral turpitude. Juarez timely appealed.

Juarez contends the BIA incorrectly interpreted § 1101(a)(13)(C)(v) because the language of the statute only applies to a conviction for a qualifying offense under § 1182(a)(2) that occurs after the alien has become a lawful permanent resident. Accordingly, Juarez asserts the IJ did not have jurisdiction to order him removed, and his previous counsel's concession that he was removable was a

---

[1] DHS also initially charged him under 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who seeks to procure, or has procured, admission to the United States, a visa, or other immigration benefit, by fraud or willfully misrepresenting a material fact, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who seeks admission without a valid entry document or visa. DHS voluntarily withdrew those charges, and they are not at issue on appeal.

nullity.  Juarez also argues he was denied due process because of the IJ's failure to follow proper procedures.

## II. Jurisdiction

Before turning to the merits, we first address our jurisdiction to hear this case.  "We are obligated to inquire into our jurisdiction whenever it may be lacking."  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).  Our subject matter jurisdiction is reviewed *de novo*.  *Id.*

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2)."  That statute applies to this case because Juarez's crime involving moral turpitude is covered by § 1182(a).

Despite this jurisdictional bar, we nevertheless retain jurisdiction over constitutional claims or questions of law raised in a petition for review.  8 U.S.C. § 1252(a)(2)(D); *see also Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1311–12 (11th Cir. 2006).  However, we have jurisdiction over constitutional claims only when a petitioner alleges "at least a colorable constitutional violation," which means that "the alleged violation need not be substantial, but the claim must have some possible validity."  *Arias*, 482 F.3d at 1284 n.2 (internal quotation marks

4

omitted).  Questions of statutory interpretation are legal questions subject to plenary review.  *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000).

In his first claim, Juarez challenges the BIA's interpretation of 8 U.S.C. § 1101(a)(13)(C)(v) and its rejection of his argument that he was improperly deemed inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Because Juarez's claim essentially raises an issue of statutory interpretation that implicates the IJ's jurisdiction, we conclude it is a colorable issue that we have jurisdiction to consider.  *See Arias*, 482 F.3d at 1284 & n.2; *Bishop*, 210 F.3d at 1298.

In his second and third claims, Juarez argues he was denied due process because the IJ failed to obtain all the necessary facts to determine whether he was removable and because the IJ failed to create a meaningful record for review.  We do not have jurisdiction to review these claims, however, because both claims lack "at least a colorable constitutional violation."  *Arias*, 482 F.3d at 1284 & n.2.

The record clearly demonstrates that the IJ conducted both an initial hearing and a merits hearing, and Juarez was represented by counsel and had an opportunity to be heard.  Additionally, the record contains a full transcript of both hearings, indicating the IJ was not derelict in his duty to create a meaningful record for review.

Finally, to the extent Juarez contends the IJ should have held a hearing to determine why Juarez was out of the country and for how long, this argument also

5

fails. Those facts have no bearing on the outcome of this case because, as explained below, Juarez was never a lawful permanent resident admissible into the United States, and thus, the purpose and duration of his overseas trip is irrelevant.[2]

We now turn to the merits of Juarez's first contention.

### III. Removal

We review only the BIA's decision, except to the extent it expressly adopted the IJ's decision. *Savoury*, 449 F.3d at 1312. To the extent the BIA adopted the IJ's reasoning, we review the IJ's decision as well. *Id.* Here, because the BIA expressly adopted and affirmed the IJ's decision with a few additions, we review the IJ's decision as supplemented by the BIA. *See id.* We review *de novo* the BIA's legal determinations, including its interpretation of statutes. *Poveda*, 692 at 1172. However, we defer to the BIA's statutory interpretation "if it is reasonable and does not contradict the clear intent of Congress." *Id.* (internal quotation marks omitted).

The IJ found Juarez removable under § 1182(a)(2)(A)(i)(I), because he had previously committed a crime involving moral turpitude, and he had not obtained a waiver for the conviction. The BIA adopted the IJ's findings and added that Juarez was also removable under § 1101(a)(13)(C)(v) because a "lawful permanent

---

[2] Additionally, as we recently stated in *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1175 (11th Cir. 2012), "a lawful permanent resident who commits certain crimes before departure is considered an applicant for admission upon his return regardless of the length of the trip." This includes crimes involving moral turpitude. Thus, the duration and purpose of Juarez's trip would not be relevant even if he was a lawful permanent resident.

resident may be deemed an applicant for admission if he or she has committed an offense identified in section [1182](a)(2)." [Admin. R. at 3 (internal quotation marks omitted).]  Juarez's sole argument on appeal is that the language of 8 U.S.C. § 1101(a)(13)(C)(v) requires that a conviction for a qualifying offense under 8 U.S.C. § 1182(a)(2) occur *after* an alien becomes a lawful permanent resident in order to subject that alien to removal.  Thus, he asserts, he is not removable under § 1101(a)(13)(C)(v).

We need not reach this argument.  Section 1101(a)(13)(C)(v) only applies to lawful permanent residents, and Juarez is not a lawful permanent resident.  As we said in *Savoury*, an alien cannot be a lawful permanent resident when the award of that status is inconsistent with the law.  449 F.3d at 1317.  Juarez only obtained permanent resident status by failing to disclose his prior conviction for a crime involving moral turpitude.  Otherwise, he would have been ineligible for adjustment of his status, as he did not obtain a waiver for the conviction.  *See* 8 U.S.C. § 1255(a) (requiring an alien to be admissible in order to be eligible for adjustment of status to permanent resident).  As such, § 1101(a)(13)(C)(v) does not apply to Juarez.

Section 1182(a)(2) applies to *any* alien seeking admission to the United States who has committed a crime involving moral turpitude.  Under the statute, Juarez is inadmissible.  Accordingly, his removal is proper.

7

**PETITION DENIED IN PART, DISMISSED IN PART.**