[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14149
Non-Argument Calendar
_____

Agency No. A012-438-307


MANUEL FRANCISCO SAMPEDRO-BLANCO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 8, 2014)


Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Manuel Francisco Sampedro-Blanco appeals from the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider its order dismissing his appeal from the Immigration Judge's ("IJ") denial of an application for a waiver of grounds of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182(c). Sampedro-Blanco, a Cuban citizen, was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because he -- after his admission into the United States as a lawful permanent resident -- was convicted of conspiracy to import more than one kilogram of cocaine.  On appeal, Sampedro-Blanco argues that the IJ and BIA improperly considered facts outside of his record of conviction to assess the nature of his criminal conduct and that, in denying his application, unfairly relied on his own testimony before the IJ on his importation of 400 kilograms of cocaine.  He also argues that the IJ and BIA failed to make an explicit finding on the record that his removal was better for the United States than allowing him to stay.

I.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), we lack jurisdiction to review a discretionary decision of the Attorney General, including a decision to grant or deny a § 212(c) waiver application. INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii); *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007). But the REAL ID Act of 2005 restored our jurisdiction to consider constitutional challenges and questions of law arising out of the alien's removal proceedings, regardless of the jurisdictional bars imposed by § 242(a)(2)(B) or (C). *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Arias*, 482 F.3d at 1283-84.

Because Sampedro-Blanco was convicted of conspiracy to commit a drug-trafficking crime, and because he sought discretionary relief in the form of a § 212(c) waiver, we have jurisdiction only to address his arguments that raise either constitutional challenges or questions of law. *See* INA § 242(a)(2)(B)(ii), (D), 8 U.S.C. § 1252(a)(2)(B)(ii), (D). His argument that the IJ and BIA erred by considering evidence outside of his record of conviction is a question of law; and, therefore, we have jurisdiction to review it. *See Arias*, 482 F.3d at 1283-84.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). A

3

motion to reconsider must specify the errors of law or fact in the BIA's decision and must be supported by pertinent authority. *Id*. at 1329 (citing 8 C.F.R. § 1003.2(b)(1)). We defer to the BIA's interpretation of statutes if the interpretation is reasonable. *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1284 (11th Cir. 2001).

Before 1996, an alien who had accrued seven years of lawful permanent residence in the United States could request that the Attorney General waive the alien's basis for excludability or deportation pursuant to former § 212(c). *Ferguson v. U.S. Att'y Gen.*, 563 F.3d 1254, 1260 & n.12 (11th Cir. 2009). In 1996, Congress repealed this relief under the INA, replacing it with a procedure referred to as "cancellation of removal." *Id.* at 1260 & n.13. In *I.N.S. v. St. Cyr*, the Supreme Court concluded that, despite the repeal of the underlying statute, § 212(c) waivers "remain[ed] available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. 289, 325-26, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001).

Here, the BIA properly denied Sampedro-Blanco's motion for reconsideration, as Sampedro-Blanco did not cite relevant controlling authority prohibiting the BIA from considering his testimony about the nature of his criminal

conduct in making a decision regarding his § 212(c) waiver. The evidence was used to consider the seriousness of his prior criminal conduct: not a matter of guilt or innocence of a specific offense.

## II.

A petitioner is required to exhaust his administrative remedies before bringing a petition for review. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Consequently, where a petitioner advances an argument that he did not bring before the BIA, we have no jurisdiction to consider it. *Id.*

In this case, Sampedro-Blanco did not exhaust his argument that the IJ and BIA were required to make an explicit finding that his removal would be in the "best interest of this country." Consequently, we lack jurisdiction to consider his unexhausted argument; and we dismiss his petition as to this issue.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we deny in part and dismiss in part Sampedro-Blanco's petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**