**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1528

LEONEL SOLIS-ALVAREZ,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 25, 2014                    Decided:  May 20, 2014

Before TRAXLER, Chief Judge, and DUNCAN and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Farhad Sethna, LAW OFFICES OF FARHAD SETHNA, Akron, Ohio, for Petitioner.  Stuart F. Delery, Assistant Attorney General, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Jeffrey R. Meyer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Solis-Alvarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal of the immigration judge's order denying his application for cancellation of removal. See 8 U.S.C. § 1229b (2012). In his brief, the Attorney General renews his argument that we lack jurisdiction over this petition for review.

Because cancellation of removal is a form of relief that lies within the discretion of the Attorney General, "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," except that the court of appeals retains the ability to review colorable "constitutional claims or questions of law" raised upon a petition for review. See 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D) (2012); see also Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011); Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009). Upon review, we agree with the Attorney General that the legal arguments and constitutional claims advanced by Solis-Alvarez are not sufficiently colorable as to invoke this court's jurisdiction under § 1252(a)(2)(D). See, e.g., Jian Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007) ("To trigger our jurisdiction [over a petition for review under the REAL ID Act], the putative constitutional or legal challenge must

2

be . . . colorable; that is, the argument advanced must, at the very least, have some potential validity."); Arias v. U.S. Attorney Gen., 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (explaining that, "[f]or a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity" (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED