**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1941**

MELVIN OMAR CAMPOS, a/k/a Melvin Omar Campos-Romero,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 11, 2015        Decided:  March 18, 2015

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Ellis C. Baggs, BAGGS LAW GROUP, PLC, Mechanicsville, Virginia, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Francis W. Fraser, E. Tayo Otunla, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Omar Campos, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his request for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Campos] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, we may then only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Campos has conceded that he is a native and citizen of El Salvador and does not contest that he has been convicted of a criminal offense that qualifies as an aggravated felony. Upon review, we agree with the Attorney General that the legal claims

advanced by Campos are not sufficiently colorable as to invoke this court's jurisdiction under § 1252(a)(2)(D). <u>See, e.g.</u>, <u>Jian Pan v. Gonzales</u>, 489 F.3d 80, 84 (1st Cir. 2007) ("To trigger our jurisdiction [over a petition for review under the REAL ID Act], the putative constitutional or legal challenge must be more than a disguised challenge to factual findings. The underlying constitutional or legal question must be colorable; that is, the argument advanced must, at the very least, have some potential validity."); <u>Arias v. U.S. Attorney Gen.</u>, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (explaining that, "[f]or a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity" (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>