[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11698
Non-Argument Calendar
_____

Agency No. A028-654-967

BRUCE SOTONYE GOGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 11, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bruce Sotonye Gogo petitions for review of an order affirming the denial of

his motion to reopen. The immigration judge denied Gogo's motion as untimely

and refused *sua sponte* to reopen his removal proceedings. We dismiss Gogo's petition.

We lack jurisdiction to review Gogo's petition. Gogo argues that he was entitled to tolling of the period to file his motion because of a delay attributable to violating the order to depart voluntarily, but Gogo did not present that argument to the immigration judge or in his appeal to the Board. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We also lack jurisdiction to review the refusal of the immigration judge to reopen *sua sponte* its removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), our jurisdiction extends only to colorable constitutional claims, which are those that have "some possible validity." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). Gogo "has no constitutionally protected interest in purely discretionary forms of relief," like having his case reopened, that would implicate his right to due process, so we lack jurisdiction to review his petition. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

We **DISMISS** Gogo's petition.