[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17710
Non-Argument Calendar
_____

Agency No. A097-828-139


ESPERANZA SILVA-SOLIS,

                                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 2, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Esperanza Silva-Solis, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of her motion to reopen her removal proceedings pursuant to its *sua sponte* authority.  The Government filed a motion to dismiss Silva-Solis's petition for lack of jurisdiction, and we previously ordered the Government's motion be carried with the case.

Both the BIA and the IJ have the authority to reopen removal proceedings or reconsider earlier decisions pursuant to their *sua sponte* authority at any time. 8 C.F.R. § 1003.2(a); *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016), *cert. denied sub nom. Butka v. Sessions*, 138 S. Ct. 299 (2017).  We have held, however, that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008).

We lack jurisdiction to review the denial of Silva-Solis's motion to reopen under the BIA's *sua sponte* authority.  *See Lenis*, 525 F.3d at 1293.  Although we have potentially reserved jurisdiction to review such decisions where constitutional issues are implicated, no such claims are present in this case.  *See id.* at 1294 n.7; *Butka*, 827 F.3d at 1284.  Silva-Solis's claim, that the BIA "abused its discretion" by violating her due process rights when it failed to consider her evidence of

2

changed law, is an abuse of discretion argument that is not "colorable" as a constitutional issue. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283-84 (11th Cir. 2007) (holding, in the context of constitutional challenges to final orders of removal that would otherwise be unreviewable by us, that such constitutional claims must be "colorable" and not simply abuse of discretion arguments disguised in constitutional language). Silva-Solis's argument regards the BIA's failure to consider an alleged change in law, which this Court has held it lacks jurisdiction to consider. *See Butka*, 827 F.3d at 1285-86; *Lenis*, 525 F.3d at 1292, 1294. Accordingly, we grant the Government's motion and dismiss Silva-Solis's petition for lack of jurisdiction.

**PETITION DISMISSED.**