[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13913
Non-Argument Calendar
_____

Agency No. A089-157-290


ETEM ALAJBEGU,

                                                                         Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                                         Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 31, 2019)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Etem Alajbegu, a native and citizen of Macedonia, seeks review of the Board of Immigration Appeals order denying his motion to terminate his removal proceedings under the Immigration and Nationality Act and dismissing his appeal from the immigration judge's order of removal.  Alajbegu argues that the agency lacked subject matter jurisdiction over his removal proceedings because the charging document used to commence the proceedings failed to meet the requirements of 8 U.S.C. § 1229(a)(1).  Because Alajbegu's jurisdictional argument is foreclosed by our decision in *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148 (2019), we deny the petition.

I.

The Department of Homeland Security charged Alajbegu as removable based on his conviction of a felony crime involving moral turpitude within five years after his admission to the United States.  The charging document, a Notice to Appear, ordered Alajbegu to appear for removal proceedings at a place "to be determined" on a date and time "to be set."  Several months later, the government filed a notice of hearing providing the date, time, and location of the removal proceedings.  Alajbegu subsequently conceded service of the Notice to Appear, waived a formal reading, and argued the merits of his claims before the immigration judge.  He sought relief from removal in the form of an adjustment of status and a waiver of inadmissibility under § 212(h) of the Immigration and

2

Nationality Act, 8 U.S.C. § 1182(h).  The immigration judge denied relief as a matter of discretion and ordered Alajbegu removed.

On appeal to the Board of Immigration Appeals, Alajbegu argued among other things that the immigration judge lacked jurisdiction over his removal proceedings.  The Board dismissed Alajbegu's appeal, and this petition followed.

## II.

The sole issue raised in the petition is whether the incomplete Notice to Appear deprived the immigration judge of jurisdiction.  If the immigration judge lacked jurisdiction to issue the order of removal, then we also lack jurisdiction to review it.  *See Perez-Sanchez*, 935 F.3d at 1153.  We review our subject-matter jurisdiction de novo.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam).  We also review the agency's interpretations of law de novo.  *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

Alejbegu argues that, pursuant to agency regulations, jurisdiction "vests, and proceedings before an Immigration Judge commence, when a charging document"—in this case, a Notice to Appear—"is filed with the Immigration Court."  8 C.F.R. § 1003.14(a); *see id.* § 1003.13.  Under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), a Notice to Appear that does not specify the time and place of removal proceedings as required under 8 U.S.C. § 1229(a)(1) is not a "Notice to Appear" as that term is defined by statute.  *See Pereira*, 138 S. Ct. at 2113–14.

3

Consequently, Alajbegu argues, a charging document that is styled a "Notice to Appear" but does not include the time and place of removal proceedings is insufficient to vest jurisdiction in the immigration court.

We considered and rejected this argument in *Perez-Sanchez*, 935 F.3d at 1150, 1155. In that case, we explained that Congress granted immigration judges broad statutory authority to "conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1); *see Perez-Sanchez*, 935 F.3d at 1156. Because "an agency cannot fashion a procedural rule to limit jurisdiction bestowed upon it by Congress," the regulation governing the commencement of removal proceedings—despite its terms—cannot and does not limit immigration courts' jurisdiction over the proceedings. *Perez-Sanchez*, 935 F.3d at 1155–56. Instead, that regulation creates a nonjurisdictional claim-processing rule. *Id.* at 1155.

Likewise, the time-and-place requirement in 8 U.S.C. § 1229(a) is a claim-processing rule, not a jurisdictional one. *See id.* at 1150, 1156. The immigration judge had jurisdiction under 8 U.S.C. § 1229a(a)(1) to conduct Alajbegu's removal proceedings, and a defect in the initiating document under § 1229(a) was insufficient to deprive the immigration judge of that authority. *See id.* at 1156. Accordingly, we deny the petition.

**PETITION DENIED.**

4