[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10477

Non-Argument Calendar

_____

ROLANDO SABILLON VASQUEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-839-437

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Rolando Sabillon Vasquez seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal. Because we lack jurisdiction to review the BIA's decision, we dismiss Vasquez's petition for review.

Vasquez, a native and citizen of Honduras, entered the United States without inspection in 2001. In 2015 the Department of Homeland Security issued him a notice to appear, charging him as removable under the Immigration and Nationality Act ("INA") as a noncitizen present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Vasquez conceded removability but applied for cancellation of removal pursuant to the INA, 8 U.S.C. § 1229b(b)(1).

The Attorney General has the discretion to cancel the removal of certain noncitizens who establish that: (1) they have been continuously physically present in the United States for at least 10 years; (2) they have been "person[s] of good moral character" while present in the United States; (3) they have not been convicted of any specified criminal offenses; and (4) their "removal would result in exceptional and extremely unusual hardship" to a qualifying relative who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1). Vasquez asserted that he met all four of these

requirements. As to the fourth requirement, Vasquez claimed that his removal would result in exceptional and extremely unusual hardship to his wife and children, who are United States citizens. He elaborated at a hearing before an IJ and in supporting documentation, explaining that each of his children had medical issues that required treatment that was possibly prohibitively expensive in Honduras and also inferior to the healthcare the children would receive in the United States. Vasquez admitted at the hearing that he had been arrested numerous times, including two arrests (one of which resulted in a conviction) for driving under the influence.

The IJ denied Vasquez's application for cancellation of removal, concluding, in relevant part, that Vasquez failed to demonstrate exceptional and extremely unusual hardship to his wife and children if he were ordered removed.[1] The IJ further concluded that even if Vasquez demonstrated eligibility for cancellation of removal, cancellation of removal should be denied as a matter of discretion based on Vasquez's "reckless disregard for the laws" of the United States. AR at 86–87.[2]

---

[1] The IJ also concluded that Vasquez failed to demonstrate that he is of good moral character. The BIA expressly declined to adopt that determination, however, so the IJ's moral character determination is not before us. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (explaining that we review the IJ's decision only to the extent that the BIA expressly adopted or agreed with it).

[2] "AR" refers to the Administrative Record.

Vasquez appealed the IJ's decision to the BIA. The BIA agreed with and affirmed the IJ's decision as to Vasquez's failure to demonstrate exceptional and extremely unusual hardship and as to the IJ's discretionary determination not to award Vasquez relief. Vasquez petitioned this Court for review.

We generally lack jurisdiction to review the denial of certain forms of discretionary relief, including the Attorney General's decision to award or deny a noncitizen cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). And though we retain jurisdiction to review "constitutional claims or questions of law" raised in a petition for review, *id.* § 1252(a)(2)(D), the scope of that jurisdiction extends only to genuine questions of law and colorable constitutional claims. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). Abuse-of-discretion arguments cloaked in constitutional or legal language, as well as challenges to the evidentiary basis for a factual finding, are not sufficient to invoke our jurisdiction. *Id.* at 1284; *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (holding that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the . . . provisions enumerated in § 1252(a)(2)(B)(i)," one of which is cancellation of removal).

Vasquez argues that the BIA and IJ erred by finding that he failed to establish exceptional and extremely unusual hardship to his United States-citizen wife and children and denying his application as a matter of discretion. The government contends that we should dismiss the petition for review because we lack jurisdiction.

22-10477                Opinion of the Court                5

We are bound by precedent to agree. *See Patel*, 142 S. Ct. at 1627; *Arias*, 482 F.3d at 1284 & n.2.

**PETITION DISMISSED.**