[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

Nos. 22-11065 & 22-12599

_____

JESUS GABRIEL NAVARRO GUADARRAMA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency Nos. A209-879-709 & A209-879-709

_____

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

NEWSOM, Circuit Judge:

Jesus Gabriel Navarro Guadarrama, a native and citizen of Mexico, petitions for our review of the Board of Immigration Appeals' dismissal of the appeal of his application for adjustment of status and the Board's subsequent denial of his motion to reconsider. Navarro Guadarrama contends that the Board erred by applying the incorrect legal standard—as articulated in its own precedent—to the discretionary consideration of his adjustment-of-status application. After careful consideration of the parties' arguments and with the benefit of oral argument, we hold that we have jurisdiction to consider Navarro Guadarrama's petitions for review but that the Board did not apply the wrong legal standard. Accordingly, we deny the petitions.

## I

### A

Navarro Guadarrama entered the United States in 1995 and was thereafter convicted of several crimes. As relevant here, he was convicted of violating Florida state law by (1) possessing 20 grams or less of marijuana in 2005, (2) possessing 20 grams or less of marijuana and drug paraphernalia in 2010, and (3) contributing to the delinquency of a child in 2018.

The government initiated removal proceedings against Navarro Guadarrama on various grounds, including that he had been convicted of a controlled-substance offense under 8 U.S.C.

§ 1182(a).  Navarro Guadarrama applied for adjustment of status pursuant to 8 U.S.C. § 1255(i), which permits an alien who is unlawfully in the United States to obtain relief from removal if he meets specified requirements.  In conjunction with his adjustment application, Navarro Guadarrama sought a waiver of inadmissibility under 8 U.S.C. § 1182(h), which allows the Attorney General to waive inadmissibility in certain circumstances.  Navarro Guadarrama's marijuana-possession convictions required him to obtain the waiver.

An immigration judge found that because Navarro Guadarrama had two marijuana-possession convictions, he was statutorily ineligible for a § 1182(h) waiver, which is available, as relevant here, only when an alien has a single offense for possession of 30 grams or less of marijuana.  Navarro Guadarrama sought review of the IJ's decision before the Board, which dismissed his appeal and held that his two marijuana-possession convictions rendered him ineligible for a waiver.

## B

After a Florida state court vacated his 2005 marijuana-possession conviction, Navarro Guadarrama moved to reopen his removal proceedings.  The Board granted the motion and remanded the case to the IJ.  Following a hearing, the IJ issued a written decision denying Navarro Guadarrama's application for a § 1182(h) waiver and for adjustment of status under § 1255(i).

Although the IJ found that Navarro Guadarrama was statutorily eligible for a § 1182(h) waiver and that he had satisfied

the threshold requirements for adjustment of status, she concluded that he hadn't established extreme hardship as required to obtain the waiver. The IJ further found that even if Navarro Guadarrama had established hardship, he wasn't entitled to discretionary relief. The IJ afforded "favorable weight" to Navarro Guadarrama's "strong family ties within the United States," the significant length of time he had lived in the country, and his work history. The IJ explained, though, that Navarro Guadarrama had a number of adverse factors, including his criminal record and evidence of his bad character. The IJ emphasized his arrest for sexual battery, his conviction for contributing to the delinquency of a child, his multiple convictions for possession of marijuana and drug paraphernalia, the five years he spent as a fugitive in Georgia, and his failure to file tax returns. After "considering the totality of the circumstances," the IJ determined that Navarro Guadarrama's adverse factors "greatly outweigh[ed]" his positive equities and, accordingly, that he had failed to demonstrate that he warranted a favorable exercise of discretion necessary to obtain a waiver. The IJ incorporated her discretion analysis into Navarro Guadarrama's adjustment-of-status evaluation and thus also denied the adjustment.

Navarro Guadarrama sought review of the IJ's decision before the Board, which dismissed his appeal. The Board found that Navarro Guadarrama's positive equities were "substantial," including "his lengthy residence in the United States beginning at a young age; his close family ties . . . ; his employment history; and his community ties . . . ." Ultimately, however, the Board agreed

with the IJ's determination that Navarro Guadarrama didn't warrant a favorable exercise of discretion.  Summarizing Navarro Guadarrama's adverse factors, including his criminal history, tax evasion, and living as a fugitive, the Board concluded:

> We agree with the Immigration Judge that the negative factors in this case outweigh the respondent's positive equities.  Even considering the positive factors and the potential hardships of the respondent's removal on himself and his family, we conclude that the respondent failed to carry his burden of proving that he merits adjustment of status in the exercise of discretion.  We conclude the respondent is undesirable as a permanent resident and a grant of relief is not in the best interest of the United States. *See Matter of Mendez-Morale[z]*, 21 I&N Dec. 296, 299-300 (BIA 1996).

Because the Board determined that Navarro Guadarrama didn't merit discretionary relief, it didn't reach the questions whether he needed a waiver or whether he met his burden regarding hardship. Navarro Guadarrama timely petitioned this Court to review the Board's dismissal of his appeal.

## C

Not long thereafter, we held in *Said v. U.S. Attorney General*, 28 F.4th 1328 (11th Cir. 2022), that Florida's definition of marijuana is broader than (and thus not a categorical match for) the federal definition.  In light of *Said*, Navarro Guadarrama moved the Board to reconsider its decision in his removal proceedings.  He argued

6                    Opinion of the Court                    22-11065

that he no longer needed a § 1182(h) waiver because, under *Said*, his 2010 state-law marijuana-possession conviction didn't count as a controlled-substance offense under § 1182 that would render him inadmissible.  In his motion, Navarro Guadarrama argued that the Board erred by applying the standard articulated in *Matter of Mendez-Moralez*, 21 I&N Dec. 296 (BIA 1996), which applies to aliens who require waivers, rather than the standard from *Matter of Arai*, 31 I&N Dec. 494 (BIA 1970), which applies to those who don't.  Navarro Guadarrama contended that the Board conflated the standards from those two decisions and that the outcome of his proceedings would have been different had the proper standard been applied—because, he argued, *Arai* calls for a presumption that the favorable exercise of discretion is appropriate for adjustment of status, whereas *Mendez-Moralez* requires no such presumption.

The Board denied Navarro Guadarrama's motion to reconsider.  It reaffirmed its conclusion that Navarro Guadarrama didn't warrant discretionary relief.  The Board further explained that it didn't err by citing *Mendez-Moralez*:

> In citing to *Matter of Mendez*, the Board did not subject the respondent to a higher discretionary standard, as [Navarro Guadarrama] argues in his motion.  Rather, the Board cited this case for the overarching proposition that in evaluating whether a respondent warrants a favorable exercise of discretion, an adjudicator must 'balance the adverse factors evidencing [a noncitizen's] undesirability as a permanent resident with the social and humane considerations presented on his behalf to determine

whether a grant of relief in the exercise of discretion appears to be in the best interest of this country.'

Navarro Guadarrama timely petitioned this Court for review of the Board's denial of his motion to reconsider. We consolidated that petition with his pending petition for review of the Board's dismissal of his appeal.

## II

As a threshold matter, the government asserts that we lack jurisdiction over Navarro Guadarrama's petition under 8 U.S.C. § 1252(a)(2). That statute includes a jurisdiction-stripping provision that states, in relevant part, that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 . . . of this title." *Id.* § 1252(a)(2)(B)(i). Another provision of the same statute, though, expressly preserves our jurisdiction over "questions of law": "Nothing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . ." *Id.* § 1252(a)(2)(D). But to be clear, the latter provision preserves our jurisdiction only over genuine questions of law and colorable constitutional claims—a petitioner may not "dress up a claim . . . to invoke our jurisdiction." *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc), *aff'd sub nom. Patel v. Garland*, 596 U.S. 328 (2022).

The government concedes, as it must, that "[a]n argument that the agency applied the wrong legal standard in making a

determination constitutes a legal question" over which we have jurisdiction under § 1252(a)(2)(D). *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016); *see also Ruiz v. U.S. Att'y Gen.*, 73 F.4th 852, 856 (11th Cir. 2023) (holding that "'questions of law' in § 1252(a)(2)(D) should be read to 'include[ ] the application of a legal standard to undisputed or established facts'" (quoting *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020))); *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1325 (11th Cir. 2021) ("[W]hether the Board applied the correct legal standard is a question of law."). It contends, though, that to confer jurisdiction the petitioner's argument "must have some possible validity," *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 n.2 (11th Cir. 2007), and it insists that Navarro Guadarrama's argument doesn't pass muster because he's really just challenging the IJ's and Board's discretionary weighing of evidence. That sort of contention, the government says, is a "garden-variety abuse of discretion argument" over which we lack jurisdiction. *Farah*, 12 F.4th at 1326.

We disagree. Navarro Guadarrama isn't challenging the Board's granular, case-by-case balancing of the positive and negative equities in his particular case. Rather, he contends that the Board applied the wrong *framework* altogether—*Mendez-Moralez* rather than *Arai*. Navarro Guadarrama asks us to hold that the Board applied the wrong legal standard in deciding his case. That is precisely the sort of question of law over which we have repeatedly held we have jurisdiction.

### III

On, then, to the merits. The question, again, is whether the Board applied the wrong legal standard in rejecting Navarro Guadarrama's claim. And Navarro Guadarrama's contention, again, is that the Board invoked its decision in *Mendez-Moralez*, which applies to aliens who need waivers of inadmissibility, rather than *Arai*, which applies to those who don't.

Let's review, beginning with *Arai*. There, the Board reviewed an alien's application for adjustment of status under § 1255. *See* 13 I&N Dec. at 494. The applicant didn't require a § 1182(h) waiver and had no adverse factors. *Id.* at 495. The Board held that "[w]here adverse factors are present in a given application, it may be necessary for the applicant to offset these by a showing of unusual or even outstanding equities." *Id.* at 496. "[F]avorable factors such as family ties, hardship, length of residence in the United States, *etc.*," the Board said, "will be considered as countervailing factors meriting favorable exercise of administrative discretion." *Id.* The Board further explained that "[i]n the absence of adverse factors, adjustment will ordinarily be granted, still as a matter of discretion." *Id.*

In *Mendez-Moralez*, an alien applying for adjustment of status needed a waiver of inadmissibility due to his conviction for a crime involving moral turpitude. *See* 21 I&N Dec. at 297. There, the Board explained that for cases involving waivers, "the Immigration Judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane

considerations presented on his behalf to determine whether the grant of relief in the exercise of discretion appears to be in the best interests of this country." *Id.* at 300.  Notably for present purposes, the Board explained that the approach outlined in *Arai* "has no application to relief under section [1182(h)] of the Act," where a "waiver of inadmissibility . . . necessarily involves at least one adverse consideration, specifically the criminal conviction or activity constituting the ground of exclusion sought to be waived." *Id.*  The Board thus held that in situations requiring a waiver, "there can be no presumption that relief is warranted in the exercise of discretion." *Id.*

Navarro Guadarrama is quite right that *Mendez-Moralez* and *Arai* indicate that different legal standards apply in different circumstances.  In a case like his, however—where all agree that significant adverse factors are present—the *Mendez-Moralez* and *Arai* analyses effectively merge.  In *Arai*, the Board held that "[i]n *the absence of adverse factors*, adjustment will ordinarily be granted, still as a matter of discretion."  13 I&N Dec. at 496 (emphasis added).  That's not Navarro Guadarrama's case.  Navarro Guadarrama was arrested for sexual battery, was convicted of contributing to the delinquency of a child and possessing marijuana, lived for five years as a fugitive in Georgia, and failed to file tax returns.  Therefore, although under *Arai* adjustment of status will "ordinarily" be granted "[i]n the absence of adverse factors," that presumption is inapplicable to Navarro Guadarrama's case.

To be clear, the mere fact that in dismissing Navarro Guadarrama's appeal the Board cited *Mendez-Moralez* rather than *Arai* does not conclusively demonstrate that it applied the wrong standard. In its decision on Navarro Guadarrama's motion to reconsider, the Board explained that it cited *Mendez-Moralez* "for the overarching proposition" that the IJ must balance adverse factors with "the social and humane considerations presented on [a noncitizen's] behalf" when evaluating whether he warrants a favorable exercise of discretion. And that "overarching proposition" is comparable to *Arai*'s suggestion that adverse factors may offset "favorable factors such as family ties, hardship, length of residence in the United States, *etc.*" 13 I&N Dec. at 496. Accordingly, even if the Board cited the "wrong" *case*, there's no indication that, in substance, it applied the wrong *standard*. Indeed, at oral argument Navarro Guadarrama's lawyer candidly acknowledged that he would have a "big problem" if the Board had cited *Arai* rather than *Mendez-Moralez*—even if its substantive analysis had been substantially the same. *See* Oral Arg. at 9:34–9:42. That seems to us exactly right—absent the citation to *Mendez-Moralez*, there's nothing to suggest that the Board applied the wrong standard.

\* \* \*

Nothing in the Board's analysis indicates that it applied a substantially incorrect standard in determining whether Navarro Guadarrama warranted discretionary relief. Accordingly, we **DENY** the petitions for review.