[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15913
Non-Argument Calendar
_____

Agency No. A088-635-221

MOHAMED SAMUKA DOLLEH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 22, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Petitioner Mohamed Samuka Dolleh, a native and citizen of Liberia, appeals

a Board of Immigration Appeals (BIA) decision affirming an Immigration Judge's (IJ) denial of his application for asylum and withholding of removal. On appeal, Dolleh argues that (1) the IJ erred in holding that his application for asylum was time-barred, (2) the IJ's adverse credibility determination was not supported by substantial evidence, and (3) the IJ's hostile attitude towards him at his removal hearing constituted a denial of due process. After careful review, we dismiss in part and deny in part his petition.

I.

A person must generally file his application for asylum within one year of his arrival in the United States. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the BIA's determination that an asylum application was not filed within the applicable one-year deadline. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We also lack jurisdiction to review the BIA's conclusion that a person failed to show extraordinary circumstances that would excuse an untimely filing. Id. Although we retain jurisdiction over constitutional claims or questions of law raised in a petition for review, INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), whether a person complied with the one-year time limit or established extraordinary circumstances that would excuse an untimely filing are not "legal issues" within the meaning of § 1252(a)(2)(D), Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam).

2

We therefore lack jurisdiction to review the BIA's determination that Dolleh

failed to establish extraordinary circumstances to excuse the untimely filing of his

application for asylum.  See INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); Chacon-

Botero, 427 F.3d at 957.  Although Dolleh argues that the BIA committed legal

error in concluding that a nine-month delay in filing an application for asylum after

reaching the age of majority was unreasonable, this argument merely takes issue

with the BIA's determination that there were no extraordinary circumstances to

overcome his untimely application.[1]  See Arias v. U.S. Att'y Gen., 482 F.3d 1281,

1284 (11th Cir. 2007) (per curiam).  We dismiss Dolleh's challenge to the BIA's

holding that his asylum application was untimely for lack of jurisdiction.

## II.

Next, Dolleh argues that the BIA's adverse credibility determination was not

supported by substantial evidence.  We review factual determinations, including

credibility determinations, under the "highly deferential" substantial evidence test.

Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1323 (11th Cir. 2010) (quotation

omitted).  "[W]e view the record evidence in the light most favorable to the

---

[1] Dolleh also argues here that the IJ erred in holding that his asylum application was untimely because there was no consideration of his argument that he was an unaccompanied minor when he entered the United States.  This argument is not supported by the record. Additionally, because Dolleh failed to raise this argument before the BIA, he has not exhausted his administrative remedies and this Court does not have jurisdiction to review this claim.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").

agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  We will reverse the agency's findings "only if the evidence 'compels' a reasonable fact finder to find otherwise."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam).

To qualify for withholding of removal, an applicant must show that, if returned to his country, it is more likely than not that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).  "If the applicant is determined to have suffered past persecution in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim."  8 C.F.R. § 208.16(b)(1)(i).

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, even without corroborating evidence.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam).  Conversely, if the applicant relies solely on his testimony, an adverse-credibility determination may alone be sufficient to support the denial of an application.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282,

4

1287 (11th Cir. 2005).  When the IJ makes an adverse-credibility finding, the applicant must demonstrate that the finding was not supported by "specific, cogent reasons" or was not based on substantial evidence.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam).

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, § 101, 119 Stat. 231, 302, for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence.  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  In addition, an adverse credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim.  Id.

In this case, when reviewing the IJ's adverse credibility determination in the light most favorable to the agency, we cannot say that the record compels us to reverse its finding.  See Sepulveda, 401 F.3d at 1230.  Both the BIA and IJ identified specific discrepancies about key matters in Dolleh's testimony, including Dolleh's inability to recognize a photograph of a Joshua Blahyi, a Liberian rebel leader for whom he testified that he acted as a personal servant for several years, as

well as discrepancies in Dolleh's testimony about how he came under Blahyi's control. Although Dolleh argues that the IJ failed to consider a corroborating affidavit from a sociology professor, the affidavit only states that Dolleh's claims were generally consistent with Liberian history, and therefore cannot establish that Dolleh himself suffered past persecution. Thus, on this record, substantial evidence supports the BIA's conclusion that Dolleh was not credible. We deny Dolleh's challenge to the adverse credibility determination.

## III.

Finally, Dolleh argues that the IJ's hostile attitude towards him at his removal hearing constituted a denial of due process. We do not have jurisdiction to review a claim unless the petitioner has exhausted his administrative remedies with respect to that claim. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga, 463 F.3d at 1250. Although some due process claims may not require exhaustion, "where the claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force." Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003). We have previously held that a claim that a person was denied a full and fair hearing because of an IJ's hostile attitude is "precisely the kind of procedural error which requires exhaustion." Amaya-Artunduaga, 463 F.3d at 1251. Dolleh failed to raise his argument that the IJ's

6

hostile attitude violated his due process rights before the BIA, and we therefore lack jurisdiction to consider this argument.  Id.

## IV.

For these reasons, we find no reversible error.  We **DISMISS** Dolleh's petition in part and **DENY** his petition in part.