[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12767
Non-Argument Calendar
_____

Agency No. A200-650-875

HARUNA MUSA DARBO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 18, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Haruna Musa Darbo, a native and citizen of The Gambia, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for (1) asylum; (2) withholding of removal; and (3) relief under the Convention Against Torture ("CAT"). Darbo first argues the BIA erred by affirming the IJ's finding that he was statutorily ineligible for asylum. He then argues the BIA erred by affirming the IJ's finding that he was not credible and had not met the burden of proof for withholding of removal. Finally, Darbo argues the BIA erred by affirming the IJ's finding that he had not met the burden of proof for CAT relief. After careful review, we dismiss Darbo's petition for lack of jurisdiction in part and deny his petition in part.

## I.

Darbo came to the United States on an F-1 student visa on November 27, 1983. He filed an application for asylum, withholding of removal, and CAT protection on May 25, 2010. Darbo decided to apply for asylum after he discovered his name had been placed on a most wanted list by the National Intelligence Agency in The Gambia. This list was published in at least two different online newspapers. The U.S. Citizen and Immigrations Services interviewed Darbo on December 9, 2010, and later that month referred his application for further proceedings. On January 3, 2011, the U.S. Immigration and Customs Enforcement served Darbo with a notice to appear, informing him that

2

removal proceedings against him were beginning.  The notice to appear said Darbo was removable because he failed to maintain the conditions of the student visa under which he was admitted to the United States.

Darbo did not contest the government's allegations and conceded removability.  Instead he sought asylum and withholding of removal based on his political opinion and membership in a particular social group, as well as CAT protection.  Darbo explained several of his colleagues had been threatened and unjustly detained by the Gambian government.  He also said that if he returned to the The Gambia, he would be detained, tortured, and killed.  Darbo pointed to the most wanted list for proof of his claims.  He also submitted a U.S. Department of State report on The Gambia's human rights issues, as well as a number of affidavits and articles describing political turmoil, unrest, and Darbo's activism in The Gambia.  Darbo attached to his application a statement saying that his father was a founding member of the People's Progressive Party, and that several other close family members were heavily involved with that political party and other ideologically similar parties as well.  Darbo explained that a coup d'état occurred in The Gambia in 1994, and the resulting authoritarian regime was not friendly to his family's political involvements.  He claimed there was significant danger in The Gambia to political dissidents, and also said he would be targeted because of his family, his activism in helping Gambian journalism, an interview with a

3

Gambian newspaper in which he was critical of the Gambian government, and because he was on the most wanted list.

On May 14, 2014, an IJ held a hearing at which Darbo testified. On December 3, 2014, the IJ denied Darbo's application. The IJ found that Darbo was not credible. In making this adverse credibility determination, the IJ pointed to inconsistences in Darbo's statements about his claimed relatives, inconsistent dates he provided, and key omissions in his application and testimony. The IJ concluded that (1) Darbo's asylum application was time-barred and his testimony and corroborating evidence were not credible and thus could not show changed circumstances to excuse the time bar; (2) Darbo's removal would not be withheld because he could not meet his burden of proof given the lack of credible evidence; and (3) Darbo was not eligible for CAT protection because he had not met his burden of proof given the lack of credible evidence. Darbo appealed this decision to the BIA. The BIA affirmed and adopted the IJ's decision on April 25, 2016. This appeal followed.

## II.

We review de novo whether we have subject-matter jurisdiction over a claim. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). When the BIA issues a decision, we review only that decision and the IJ's decision to the extent the BIA adopted it. Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir.

2007).  In this case, the BIA expressly adopted and affirmed the IJ's decision so we review both decisions.

We review de novo the BIA's legal determinations.  Id.  Any factual determinations are reviewed under the "substantial evidence" test.  Id.  Substantial evidence means that the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation omitted).  This Court will reverse factual findings "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

## A.

Darbo argues the BIA erred by affirming the IJ's finding that he was statutorily ineligible for asylum.  Generally, asylum applications must be "filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  However, an untimely application may be considered "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  Id. § 1158(a)(2)(D).  We do not have jurisdiction to review the BIA's factual determination about

whether a petitioner met the one-year time limit or whether an exception applies. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam); 8 U.S.C. § 1158(a)(3).

Darbo says the BIA erred by discrediting his testimony, and therefore he was not afforded due process. This Court does have jurisdiction to review constitutional claims or questions of law raised in a petition for review. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (per curiam); 8 U.S.C. § 1252(a)(2)(D). However, although Darbo says he is raising a due process challenge, his argument is really about a factual determination: whether the evidence he presented was credible and demonstrated changed circumstances. The record shows the IJ considered Darbo's evidence and reached a different factual conclusion than the one Darbo argued. Under Arias, we cannot consider factual challenges about how the evidence was weighed "couched in constitutional language." 482 F.3d at 1284. Therefore, we lack jurisdiction to consider Darbo's challenge to the timeliness of his asylum application. See id. As a result, this claim is dismissed.

## B.

Darbo next argues the BIA erred in affirming the IJ's finding that he did not meet his burden of proof required for withholding removal. Darbo says the IJ erred in its credibility determinations. He claims the inconsistencies and omissions

identified by the IJ in making its adverse credibility determination about him were "immaterial" and "irrelevant." Darbo also argues he provided sufficient corroborative evidence to rehabilitate his testimony, and says the IJ did not properly consider that evidence.

Removal must be withheld if "the alien's life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). Darbo bears the burden of demonstrating it is "more likely than not" that he will be persecuted or tortured upon return to The Gambia. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam). This burden can be met either by showing past persecution based on a protected ground or by showing a future threat. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).

Credibility determinations are factual determinations that we review for substantial evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006) (per curiam).[1] When an alien's testimony is found credible, it alone can be sufficient to establish eligibility for relief from removal. Id. at 1231. But because the IJ specifically found that Darbo was not credible, Darbo has the burden to show the IJ's finding was not supported by "specific, cogent reasons" or "was not based on substantial evidence." Id. at 1232 (quotation omitted). In making credibility

---

[1] Credibility determinations for withholding of removal are made in the same manner as those for asylum purposes. 8 U.S.C. § 1231(b)(3)(C).

determinations, the IJ is directed to consider "the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). These include the applicant's demeanor and candor; the plausibility of the applicant's account; the consistency between the applicant's written and oral statements; and the consistency of such statements with other evidence in the record. Id.

Darbo does not contest the inconsistencies and omissions identified by the IJ in its finding that he was not credible. Instead he says some of them are easily explained and challenges their materiality. But the IJ may base its credibility determination on any inaccuracy, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." Id. Neither does Darbo challenge all of the inconsistencies and omissions recognized by the IJ. We cannot reverse a factual determination unless the record compels it, even when the record may support a contrary conclusion. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam). On this record then, we must affirm the IJ's adverse credibility determination of Darbo.

Darbo then says his corroborating evidence rehabilitated his testimony, and says the IJ did not properly consider that evidence. An adverse credibility determination does not end the IJ's inquiry. The IJ "must still consider all evidence introduced by the applicant." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). In this case, Darbo submitted a great deal of corroborating

8

evidence including copies of newspapers that published the most wanted list with his name in it, a U.S. Department of State report on The Gambia's human rights issues, and many affidavits and articles describing political turmoil, unrest, and Darbo's activism in The Gambia. However, the IJ found this evidence unconvincing. The IJ explained that the online newspapers Darbo presented lacked sufficient reliability, and found other evidence indicating they were fabricated. The IJ also found that the only letter supporting his claim of endangerment was from an interested witness.

On this record, we cannot say the IJ's credibility finding regarding Darbo's corroborating evidence was not supported by substantial evidence. See Al Najjar, 257 F.3d at 1284. And this Court cannot reverse the IJ's determination that there was not sufficient corroborating evidence unless we find "that a reasonable trier of fact is compelled to conclude" otherwise. See 8 U.S.C. § 1252(b)(4)(D). As a result, we must deny Darbo's claim that he met his burden of proof for withholding of removal.

## C.

Darbo last argues the BIA erred in affirming the IJ's finding that he did not meet his burden of proof required for protection under the CAT. He says if he returns to The Gambia, he will be tortured, imprisoned, and possibly killed as a

political dissident.  He also says the BIA's decision to deny him CAT protection was rooted in the erroneous adverse credibility determinations.

Darbo must establish "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)).  Unlike the statutory withholding of removal, CAT eligibility does not require the torture be based upon a protected ground.  See id.  Darbo must show that the torture would be inflicted by someone with the consent of the government or that the government would be aware of the torture and fail to intervene.  See id.

Darbo has not met this burden.  His claim here rests upon the credibility determinations regarding his testimony and the corroborating evidence, and we have already concluded those determinations were supported by substantial evidence.  Therefore, we must deny this claim as well.

**PETITION DISMISSED in part for lack of jurisdiction and DENIED in part.**