[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12925
Non-Argument Calendar

_____

Agency No. A205-130-643

JAVIER ALEJO-RAMIREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 5, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Javier Alejo-Ramirez ("Alejo") appeals the Board of Immigration Appeals's

("BIA") denial of his petition for cancellation of removal.  On appeal, Alejo argues

that: (1) the BIA and Immigration Judge ("IJ") erred in denying him cancellation

of removal based on its finding that he lacked good moral character; and (2) the IJ's hostile conduct, his counsel's ineffective assistance, and the BIA's failure to review the record denied him due process. After thorough review, we affirm.

When the BIA issues a separate decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo questions about the BIA's statutory interpretation and other questions of law. De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006). We also review de novo jurisdictional questions and constitutional challenges, including alleged due process violations. Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 548 (11th Cir. 2011); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We review the BIA's factual determinations under the substantial evidence test, which means we will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Ademfi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We will not reverse the BIA's decision unless the record compels it. Id. at 1027.

First, we are unpersuaded by Alejo's argument that the BIA and IJ erred in denying him cancellation of removal based on its finding that he lacked good moral character as evidenced by his testimony concerning his prior use of aliases. For certain nonpermanent residents, the Attorney General may cancel the removal

2

of any alien who is inadmissible or deportable from the United States if: (1) the alien has been physically present in the United States for a continuous period of not less than ten years prior to the application; (2) he has been a person of good moral character for those ten years; (3) he has not been convicted of certain crimes; and (4) the alien's removal would present an extreme hardship to the alien's spouse, parent, or child who is a U.S. citizen or lawful permanent resident.  8 U.S.C. § 1229b(b)(1).  A person shall be deemed not to be of good moral character if he "has given false testimony for the purpose of obtaining" immigration or naturalization benefits.  8 U.S.C. § 1101(f)(6).  "It is well established that when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quotation omitted).

Here, the BIA and IJ did not err in finding that Alejo lacked good moral character based on his false testimony about his prior use of aliases.  As the record shows, Alejo provided five different names in ten separate encounters with border officers.  When the IJ presented Alejo with not only the names he used, but also his pictures associated with those names, Alejo continued to deny he used aliases, or at least said he could not recall using them.   On this record, it was not unreasonable for the IJ to believe that Alejo was lying based on the significant number of times he used an alias.  Additionally, it did not appear from the record that Alejo was

3

confused, and, moreover, Alejo was provided an interpreter.  Because the record supports the IJ's finding, we deny his petition for review as to this claim.

As for Alejo's claim that the IJ's hostile conduct, his counsel's ineffective assistance, and the BIA's failure to review the record denied him due process, we lack jurisdiction over these claims.  Under the Immigration and Nationality Act ("INA"), we lack jurisdiction to review the denial of discretionary relief in immigration proceedings, and this discretionary decision bar specifically applies to any decision regarding cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i).  We have held that the INA precludes appellate review of the BIA's purely discretionary determination that an alien has failed to satisfy the "exceptional and extremely unusual hardship" prong of the four-part cancellation-of-removal test. Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-23 (11th Cir. 2006).

Nevertheless, we retain jurisdiction to consider constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).  Like challenges to the BIA's determination of the hardship prong of the cancellation-of-removal test, challenges to the BIA's determination of the "good moral character" prong are not constitutional claims or questions of law subject to review pursuant to § 1252(a)(2)(D).  See Alhuay, 661 F.3d at 549-50 (discussing the hardship prong). In order for us to possess jurisdiction pursuant to the constitutional claim exception, a petitioner's claim must allege a colorable constitutional violation.

4

Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007). We lack jurisdiction under § 1252(a)(2)(D) to consider a meritless constitutional claim. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). We also lack jurisdiction to consider claims that have not been raised before the BIA. Amaya-Artunduaga, 463 F.3d at 1250.

Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings, and they are entitled to a full and fair hearing. Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010); Alhuay, 661 F.3d at 548. Although we've not yet addressed the issue in a published decision, our sister circuits have recognized that petitioners are entitled to an unbiased arbiter during removal proceedings, and their due process rights may be violated when the IJ does not act as a neutral factfinder. See Ahmed v. Gonzales, 398 F.3d 722, 725 (6th Cir. 2005); Reyes-Melendez v. I.N.S., 342 F.3d 1001, 1006 (9th Cir. 2003)). However, an immigration judge may "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witness." 8 U.S.C. § 1229a(b)(1). In order to establish a due process violation, an alien must show that he was deprived of liberty without due process, and that the asserted error caused him substantial prejudice. Lapaix, 605 F.3d at 1143. To show substantial prejudice, an alien must demonstrate that the outcome of the proceeding would have been different if the alleged due process violation had not occurred. Id.

5

In his petition for review, Alejo has not raised a colorable question of law or constitutional claim. His claim that the BIA violated his due process rights by failing to carefully review the evidence is not a constitutional claim or question of law subject to review pursuant to § 1252(a)(2)(D). See Alhuay, 661 F.3d at 549-50. As for his argument that the IJ denied him due process by acting in an inquisitorial manner, it is a meritless constitutional claim -- the IJ was entitled to ask questions and cross-examine witnesses, and the IJ acted as a neutral factfinder who extensively reviewed the evidence in making its determination. 8 U.S.C. § 1229a(b)(1). Because these are constitutional claims without merit, we lack jurisdiction to review them. Gonzalez-Oropeza, 321 F.3d at 1333.

Nor can we review Alejo's ineffective-assistance-of-counsel claim. Because he failed to present it to the BIA, it is unexhausted. Amaya-Artunduaga, 463 F.3d at 1250. Lastly, even if Alejo has raised colorable due process claims, he cannot show that he was deprived of a liberty interest, since the outcome of the cancellation of removal proceeding would not have been different. Lapaix, 605 F.3d at 1143. As we've said, the IJ and BIA properly found that Alejo lacked good moral character, and therefore, he was not entitled to cancellation of removal. Accordingly, we dismiss the petition for review as to these claims.

**PETITION DENIED IN PART, DISMISSED IN PART.**