[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15660
Non-Argument Calendar
_____

Agency No. A095-220-841


MUTIJIMA CHRISTINE BUTERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 26, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mutijima Christine Butera, a native and citizen of Rwanda, petitions for review of the Board of Immigration Appeals's order denying her motion to *sua sponte* reopen her removal proceedings.  In her petition, Butera asserts (1) that the BIA addressed only its statutory authority to reopen and did not mention the phrase "*sua sponte*" in its decision, thereby applying the wrong law and depriving her of an opportunity to be heard; (2) that the BIA erred in concluding that she failed to prove either of her two ineffective-assistance-of-counsel claims; and (3) that she was eligible for asylum, and thus not subject to the otherwise applicable deadline within which she would have had to file her motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii).  After careful review, we dismiss Butera's petition for lack of jurisdiction.[1]

Under the Immigration and Nationality Act, an alien may file one statutory motion to reopen, which must be filed within 90 days of the final order of removal. INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7).  In addition to the statutory motion to reopen, the BIA has the authority to reopen removal proceedings *sua sponte* at any time.  8 C.F.R. § 1003.2(a).

We lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292–94 (11th Cir. 2008); *see also Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285–86 (11th Cir.

---

[1] We review *de novo* our own subject matter jurisdiction.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

2016).  Although Butera argues that the BIA addressed only its statutory authority to reopen removal proceedings, and thus applied the incorrect law for *sua sponte* motions to reopen under 8 C.F.R. § 1003.2(a), the BIA's decision shows that it fully considered Butera's arguments in favor of *sua sponte* reopening.[2]  Therefore, we lack jurisdiction to review the BIA's decision.  *See Lenis*, 525 F.3d at 1292–94.

Additionally, although Butera references "due process" once in making her arguments—and while it is true that "we may retain jurisdiction where constitutional claims are raised relating to the BIA's refusal to reopen *sua sponte*," *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018)—a petitioner "may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb," *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (citation omitted).  So to the extent that Butera attempts to make a constitutional claim here, we conclude—as we did in *Arias*—that her claim is really an abuse-of-discretion argument "couched in constitutional language," and as such, we likewise lack jurisdiction to review it. *Id.*

Accordingly, we lack jurisdiction to consider Butera's petition for review.

**PETITION DISMISSED**.

---

[2] Butera notes that the BIA never mentioned the phrase "*sua sponte*" in its order and therefore must have ignored or misconstrued her arguments.  Especially given that Butera requested only *sua sponte* reopening, we conclude that the BIA's decision is most fairly read to have understood and ruled on that request. *See, e.g.*, *In re Mutijima Christine Butera*, A095220841 at 4 (B.I.A. Nov. 22, 2017).