[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10106
Non-Argument Calendar
_____

Agency No. A042-465-069


RUDOLPH LLOYD BROWN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 8, 2018)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Rudolph Brown seeks review of the Board of Immigration Appeals' (BIA)

order denying his motion for reconsideration of its order denying his motion to

reopen removal proceedings.  The BIA previously affirmed an Immigration Judge's order finding Brown removable because (1) he was convicted of a controlled substance offense, and (2) he was statutorily ineligible for cancellation of removal pursuant to the Immigration and Nationality Act (INA) § 240A(a), 8 U.S.C. § 1229b(a), because he had already been granted a waiver of inadmissibility under INA § 212(c), 8 U.S.C. § 1182(c).  In his subsequent motion to reopen, Brown argued that the Immigration Judge's signature was forged on the § 212(c) order, and the order was therefore void.  Brown asserted that relying on the forged order was a violation of his due process rights because he was deprived of his statutory right to apply for cancellation of removal.  He also contended that the Department of Homeland Security's (DHS) submission of the forged order violated his rights and DHS should be equitably estopped from removing Brown without providing him the opportunity to apply for relief from removal.  After the BIA denied his motion to reopen as untimely, Brown filed a motion to reconsider arguing that he could not have presented his evidence before the deadline passed and that the deadline should have been equitably tolled.  On December 11, 2017, the BIA issued an order denying Brown's motion for reconsideration, finding that Brown did not identify any error of fact or law in its prior decision, and noted that his substantive analysis was duplicative of his prior motion to reopen proceedings.

2

This appeal followed. We dismiss Brown's petition for review for lack of jurisdiction.

## I.

Brown reasserts his arguments previously raised in his motion to reopen, arguing that the Immigration Judge's § 212(c) order was a forgery, that his due process rights were violated, and that DHS should be equitably estopped from removing him. We review subject matter jurisdiction de novo. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We have an obligation to review *sua sponte* whether we have jurisdiction at any point in the appellate process. *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013). We review the BIA's denial of a motion for reconsideration for an abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).

The petition for review of an order of removal must be filed no later than 30 days after the date of the final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). This statutory time limit is mandatory, jurisdictional, and not subject to equitable tolling. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).

Our jurisdiction to review orders of removal is limited by the INA's criminal alien bar, which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed

a criminal offense covered in [INA § 237(a)(2)(B)]."  INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  Section 237(a)(2)(B) provides that "[a]ny alien who . . . has been convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."  INA § 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B).

Notwithstanding these jurisdictional bars, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  We have jurisdiction over a constitutional or legal claim only when the petitioner alleges "at least a colorable" violation, which means that "the claim must have some possible validity."  *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotations omitted).  A petitioner cannot create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb."  *Id.* at 1284 (quotation omitted).

We conclude that we lack jurisdiction over Brown's petition for review.  As an initial matter, we lack jurisdiction to review the BIA's order denying Brown's motion to reopen because his petition for review of that order was untimely.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Chao Lin*, 677 F.3d at 1045.  Our jurisdiction is therefore limited to review of the BIA's December 11, 2017 order denying Brown's second motion to reconsider, as this is the only agency decision that was

4

issued within 30 days before his petition for review was filed.  *See Chao Lin*, 677 F.3d at 2015.  The INA's criminal alien bar, however, limits our jurisdiction to review of the BIA's denial of reconsideration only to the extent Brown raises colorable constitutional claims or questions of law.  INA § 242(a)(2)(C)-(D), 8 U.S.C. § 1252(a)(2)(C)-(D).

Brown has failed to assert a constitutional claim or question of law with respect to the BIA's denial of reconsideration.  Brown's arguments regarding the validity of the Immigration Judge's § 212(c) order, the violation of his right to due process, and equitable estoppel were all raised in his motion to reopen and rejected when the BIA denied that motion.  Brown's attempt to re-raise these arguments before this Court is tantamount to an argument that the BIA abused its discretion when it concluded that his reiteration of those claims in his motion to reconsider did not entitle him to reconsideration.  But Brown cannot create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb."  *See Arias*, 482 F.3d at 1284.  Because Brown has not asserted a constitutional claim or question of law directed to the BIA's denial of reconsideration specifically, he has not raised a legal or constitutional claim that has any "possible validity."  *Id*.  Thus, this Court lacks jurisdiction.

**PETITION DISMISSED.**

5