[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10546
Non-Argument Calendar
_____

Agency No. A060-126-661

MIKHAIL ABAM WATSON,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 8, 2019)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Mikhail Watson, an alien previously convicted of drug and firearm offenses, seeks review of the Board of Immigration Appeals' ("BIA") final order of removal affirming the Immigration Judge's denial of Watson's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for protection under the United Nations Convention Against Torture ("CAT"). After review, we dismiss Watson's petition for review for lack of jurisdiction.

## I.  BACKGROUND FACTS

Watson is a native and citizen of Jamaica who was living in the United States as a lawful permanent resident.  In 2015, Watson was convicted in Florida state court of carrying a concealed firearm and of conspiring to traffic, and delivering, methylenedioxymethamphetamine ("MDMA"), for which he received two concurrent 18-month prison sentences.

In his removal proceedings, Watson was represented by counsel and conceded his removability under (1) INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of an offense relating to a controlled substance after admission (his Florida MDMA convictions); and (2) INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C), for having been convicted of a firearms offense after admission (his Florida firearm conviction).  Watson also conceded that his Florida convictions were aggravated felonies that were also "particularly serious crimes," rendering him ineligible for asylum or withholding of removal

2

under INA § 208(b)(2)(A)(ii), (B)(i), 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), and INA§ 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(b)(ii), and that, as such, he was seeking only CAT relief.

With respect to his CAT claim, Watson maintained that he is bisexual and that if he were returned to Jamaica, he would be tortured or killed because of his sexual orientation.  Watson submitted country conditions evidence that Jamaica criminalizes homosexual sex and that the Jamaican LGBTQ community faces homophobia, discrimination and violence.  At his hearing, Watson presented testimony from himself, his parents, and the mother of his two U.S.-born children. Watson testified that while living in Jamaica, he was forced by an angry mob to flee his hometown and live with his grandmother after neighbors learned he was in a romantic relationship with another man named Kemar and that Kemar was killed by these neighbors shortly thereafter because of his sexual orientation.

In their rulings, both the Immigration Judge ("IJ") and the BIA noted Watson's concessions and confirmed that Watson sought only CAT relief.  The IJ determined, and the BIA agreed, that: (1) Watson was not credible; and (2) even if Watson was credible, he had not shown that it was more likely than not that he would be tortured in Jamaica because he is bisexual.

## II. DISCUSSION

Watson's pro se petition for review argues that he presented sufficient evidence to meet his burden of proof for CAT relief.  Watson also contends—for the first time—that the IJ violated his due process rights by erroneously concluding that his Florida convictions were categorically aggravated felonies under the INA. The government responds, and we agree, that we lack jurisdiction to review either argument.[1]

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), commonly known as the "criminal alien bar," deprives us of jurisdiction to review Watson's first argument. Under the criminal alien bar, this Court lacks jurisdiction to review any final removal order against an alien who, like Watson, "is removable by reason of having committed" a controlled substance offense covered in 8 U.S.C. § 1227(a)(2)(B) or a firearm offense covered in § 1227(a)(2)(C).  INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (cross-referencing INA § 237(a)(2)(B), (C), 8 U.S.C. § 1227(a)(2)(B), (C)).  Notwithstanding this jurisdictional bar, we retain jurisdiction to review colorable constitutional claims and questions of law raised in the petition for review.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283-84 & n.2 (11th Cir. 2007).

---

[1]We review de novo our own subject matter jurisdiction.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

4

When a criminal alien like Watson "petitions for review of a removal order denying his CAT claim, we may not review the administrative fact findings of the IJ or the BIA as to the sufficiency of the alien's evidence and the likelihood that the alien will be tortured if returned to the country in question." Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1280 (11th Cir. 2009); see also Malu v. U.S. Att'y Gen., 764 F.3d 1282, 1289-90 (11th Cir. 2014). We retain jurisdiction, however, over whether a set of undisputed facts amounts to torture, which is a legal question. Singh, 561 F.3d at 1280.

Here, Watson's petition challenges only the IJ's fact findings. An IJ's credibility determination is a fact finding. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006) (explaining that factual determinations such as credibility findings are reviewed under the substantial evidence test). Thus, to the extent Watson challenges the IJ's adverse credibility finding, we lack jurisdiction to review that claim.

Watson also argues that the testimony he presented at his hearing—from himself, his parents, and the mother of his two children—along with the country conditions evidence was sufficient to show that it was more likely than not that he would be tortured or killed in Jamaica because of his sexual orientation. We also do not have jurisdiction to review this claim as to the sufficiency of the evidence.

We also lack jurisdiction to review Watson's second argument, but for a different reason.  Watson argues that the IJ erred in concluding that his prior Florida convictions were categorically aggravated felonies, which amounted to a violation of Watson's due process rights.  This issue raises both a legal question and a constitutional claim that, if colorable, we would ordinarily retain jurisdiction to review despite the criminal alien bar.  In Watson's case, however, we lack jurisdiction to review Watson's second argument because he failed to administratively exhaust it before the BIA.

Under INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), we lack jurisdiction to review a claim if the petitioner has failed to exhaust it administratively by raising it in his notice of appeal or appeal brief to the BIA.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that this Court lacked jurisdiction to consider an alien's due process claim raised for the first time in his petition for review).  This jurisdictional requirement extends to due process claims that are within the BIA's purview to provide a remedy.  Id. at 1251; Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003).  To properly exhaust a claim before the BIA, the petitioner must do more than merely identify an issue to that body: a petitioner has not exhausted a claim unless he "both raised the core issue before the BIA . . . and also set forth any discrete arguments he relied on in support of his claim."  Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016).

6

Watson's counseled notice of appeal and brief filed with the BIA argued only that the IJ erred in concluding he had not met his burden of showing he was entitled to CAT protection.  More importantly, Watson did not raise any due process issues or challenge the IJ's determination that his Florida convictions were aggravated felonies and particularly serious crimes.  In fact, consistent with his statements before the IJ, Watson again conceded to the BIA that his convictions qualified as such.  Watson also noted that the only form of relief he sought was CAT protection.  Accordingly, we lack jurisdiction to review this unexhausted claim as well.

**PETITION DISMISSED.**