[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12403
Non-Argument Calendar
_____

D.C. Docket No. A098-380-576

JITESHKUMAR ISHVARLAL PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(November 26, 2019)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jiteshkumar Patel seeks review of the Board of Immigration Appeals' ("BIA")

final order denying his motion to reopen his removal proceedings after being denied

cancellation of removal and a waiver of grounds of inadmissibility. The government has moved for summary denial of Patel's petition for review and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review the BIA's decision on a discretionary motion to reopen under a deferential abuse-of-discretion standard. *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001). To the extent that the BIA's decision relied on a legal determination, we review the decision *de novo*. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).

Our jurisdiction over appeals contesting the denial of cancellation of removal and waiver of inadmissibility is limited by the jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"). *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). Under those provisions, our Court lacks jurisdiction to review

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

any judgment regarding the granting of relief under either 8 U.S.C. § 1229b, which governs cancellation of removal, or 8 U.S.C. § 1182(i), which governs waivers of inadmissibility. *See id.*  However, we have jurisdiction to review the BIA's decision that a motion to reopen is untimely and, by implication, not subject to equitable tolling. *Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015).  We also retain jurisdiction to review constitutional and legal questions. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1231 (11th Cir. 2013).

Nonetheless, a petitioner may not create jurisdiction "simply by cloaking an abuse of discretion argument in [question of law] garb." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quotation marks omitted).  If we lack jurisdiction to review the final order of removal due to a jurisdiction-stripping provision in the INA, we also lack jurisdiction to review a motion to reopen in that proceeding. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).

First, as to Patel's argument regarding *prima facie* eligibility, the government is correct that we lack jurisdiction to review that argument under the jurisdiction-stripping provisions of the INA.  *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  While Patel argues that this issue raises a question of law, i.e. whether the BIA applied the appropriate standard for showing *prima facie* eligibility, his argument is misplaced.  He is essentially arguing that, had the BIA applied a lesser standard—a standard which is not supported by binding case law—he would

3

have made a *prima facie* showing of eligibility for cancellation of removal and waiver of inadmissibility. And by arguing that he met the standard, his argument is tantamount to an argument that the BIA abused its discretion in failing to afford him relief. Likewise, Patel's sub-argument that the BIA erred by failing to consider his hardship evidence in the aggregate is simply an argument that the BIA abused its discretion by reaching the conclusion it did based on the evidence before it. Accordingly, we lack jurisdiction as to this issue, despite Patel's attempts to "cloak[] his abuse of discretion argument in [question of law] garb." *See Arias*, 482 F.3d at 1284.

However, we do have jurisdiction to consider Patel's claim that the BIA erred by failing to address his equitable tolling argument. *See Mata*, 135 S. Ct. at 2154-55. Nonetheless, his claim is frivolous, which makes it appropriate to address through summary disposition. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. In concluding that Patel's motion was number-barred, the BIA necessarily rejected any equitable tolling argument Patel raised. But the BIA went a step further and explained why, even if Patel's motion was not procedurally barred, it failed on the merits. Specifically, the BIA explained that, timeliness notwithstanding, even if Patel had established his continuous presence under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) (and it did not find that he had), he had not established *prima facie* eligibility because he had not established hardship to his qualifying relatives.

4

Thus, the BIA gave Patel the benefit of the doubt on his equitable tolling argument and explained why his motion failed regardless.  Moreover, Patel has not provided any authority holding that the BIA must specifically reject every argument it is presented.  And Patel has not explained—nor could he—how the BIA's alleged failure to address his equitable tolling argument affected the outcome of his proceedings.

Consequently, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, the government's motion for summary denial of Patel's petition for review is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.