[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12178
Non-Argument Calendar
_____

Agency No. A089-828-905


JEAN CARLO ESPEJO-DAVILA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 28, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Jean Espejo-Davila, a native and citizen of Peru, petitions us to review the Board of Immigration's ("BIA") order denying his untimely and number-barred motion to reopen his removal proceedings. Espejo-Davila timely filed his first motion to reopen in April 2015, which the BIA denied. In the instant motion to reopen, Espejo-Davila argued that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), was a fundamental change in law that warranted a *sua sponte* reopening of his removal proceedings. The BIA denied Espejo-Davila's instant motion to reopen, finding that *Pereira* did not provide a basis for *sua sponte* reopening his case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001). Under this deferential standard of review, we examine whether the discretion exercised was arbitrary or capricious. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). However, we are obligated to review the existence of subject matter jurisdiction *sua sponte* where it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Such review is conducted *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

Although the BIA may *sua sponte* reopen removal proceedings at any time, we do not have jurisdiction to review the BIA's decision not to reopen an alien's case *sua sponte*. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008); 8 C.F.R. § 1003.2(a). However, if a petitioner alleges "constitutional claims

2

related to the BIA's decision not to exercise its *sua sponte* power to reopen," then we "may have jurisdiction" over those claims. *Lenis*, 525 F.3d at 1294 n.7. A petitioner must allege at least a colorable constitutional violation for us to retain jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

A party may file only one motion to reopen his removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B). Generally, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," or before September 30, 1996, whichever is later, subject to certain exceptions. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). The time and numerical limitations do not apply where: (1) the alien seeks asylum or withholding of removal based on changed country conditions; (2) the rule for battered spouses, children, or parents applies; (3) the motion was jointly filed by the alien and the government; or (4) the government seeks termination of asylum. INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(3).

In this case, we do not have jurisdiction to review the BIA's decision not to reopen Espejo-Davila's removal proceedings *sua sponte*. This reflects the general rule that we cannot exercise jurisdiction over a decision to *not* reopen removal

3

proceedings *sua sponte* unless there are constitutional claims concerning the BIA's decision. *See Lenis*, 525 F.3d at 1294 n.7. Though Espejo-Davila argues that *Pereira* was a fundamental change in the law that warranted *sua sponte* reopening, the BIA concluded that there was no change in law that would support *sua sponte* reopening. Espejo-Davila points to no colorable constitutional infirmities with the BIA's decision not to reopen his proceedings *sua sponte* and therefore, we cannot exercise jurisdiction over it.[1]

**PETITION DISMISSED.**

---

[1] Indeed, the only issue raised by Espejo-Davila on appeal is an issue of statutory interpretation relating to when the stop-time rule is triggered. In the absence of a colorable constitutional claim, we have no jurisdiction.